THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE,
*v.* NICHOLAS, APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Nicholas* (1993), 66 Ohio St.3d 431.]

(No. 92–194—Submitted February 16, 1993—Decided June 16, 1993.)

432

*Timothy A. Oliver,* Warren County Prosecuting Attorney, *JoAnne V. Hask* and *Joan Robinson,* Assistant Prosecuting Attorneys, for appellant and cross-appellee.

*Scott Nicholas, pro se,* for appellee.

*James Kura,* Ohio Public Defender, *Barbara A. Farnbacher* and *Kenneth R. Spiert,* Assistant Public Defenders, for cross-appellant.

*David L. Landefeld,* urging reversal on appeal for *amicus curiae,* Ohio Prosecuting Attorneys Association.

*K. Ronald Bailey* and *Barry W. Wilford,* urging reversal on cross-appeal for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

*Per Curiam.*

## I

The appellate court below concluded that the one count of vaginal rape, the one count of oral rape and the one count of digital felonious sexual penetration charged in the indictment of appellee are allied offenses of similar import which dictate the imposition of only one sentence with respect to all three counts. R.C. 2941.25 governs this issue. It provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816, this court set forth a two-step analysis in determining whether multiple crimes for which a defendant is charged constitute allied offenses of similar import. The test proceeds as follows:

"In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis *sic* and citations omitted.) 38 Ohio St.3d at 117, 526 N.E.2d at 817.

Appellee was convicted of two violations of R.C. 2907.02 (*i.e.*, vaginal and oral rape). R.C. 2907.02(A)(2) provides:

"No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

"Sexual conduct" is defined in R.C. 2907.01(A):

" 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

Additionally, appellee was convicted of one violation of R.C. 2907.12 (*i.e.*, digital felonious sexual penetration). R.C. 2907.12(A)(2) provides:

"No person without privilege to do so shall insert any part of the body, or any instrument, apparatus, or other object into the vaginal or anal cavity of another when the offender purposely compels the other person to submit by force or threat of force."

Applying the holding of this court in *Blankenship* to the crimes with which appellee is charged, we find that they are not allied offenses of similar import. With respect to the two counts of rape, it is clear that the distinct elements of oral and vaginal rape do not "correspond to such a degree that the commission of one crime will result in the commission of the other." Commission of oral rape will not constitute commission of vaginal rape. The converse is likewise true. Thus, regarding the two counts of rape, appellee has failed to satisfy the first step of the test in *Blankenship*.

With respect to the count charging a violation of R.C. 2907.12(A)(2), it is apparent that the elements which constitute a violation of this provision can, under certain circumstances, correspond to the elements which constitute a violation of R.C. 2907.02(A)(2). That is, where the body part, the insertion of which constitutes a violation of R.C. 2907.12(A)(2), is the penis or the tongue of the offender, such acts would also constitute violations of R.C. 2907.-02(A)(2), inasmuch as they would likewise amount to vaginal rape (*i.e.,* intercourse) and oral rape (*i.e.,* cunnilingus), respectively. Thus, appellee has satisfied the first step of the *Blankenship* analysis with respect to allied offenses of similar import.

However, appellee must also demonstrate that his *conduct* was such that the crimes were not committed separately or with a separate animus. Thus, if appellee had engaged in one act of vaginal intercourse and was charged under both statutes, it could not be contended by the state that appellee committed separate crimes or had a separate animus. That is not the situation in the present case. Appellee was charged with three separate crimes involving distinct sexual activity: vaginal intercourse, cunnilingus, and digital penetration of the vaginal cavity of Stephanie. Since each constitutes a separate crime with a separate animus, they do not constitute allied offenses of similar import.

## II

Appellee cross-appealed the judgment of the court of appeals affirming the trial court's admission of evidence linking the DNA properties of his blood with that possessed by semen found on Stephanie's shorts. It is the contention of appellee that such evidence should not have been admitted. At the outset, it is important to recognize that appellee did not object to such evidence at trial. He has therefore waived the issue for purposes of appellate

review. Accordingly, consideration of the propriety of its admission must be considered, if at all, under the plain-error rule. In *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899, this court observed:

"Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. See, *e.g., State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus; *State v. Greer* (1988), 39 Ohio St.3d 236, 252, 530 N.E.2d 382, 401."

Appellee contends on cross-appeal that the admission of the DNA evidence in the case at bar incorrectly identified him as the perpetrator of the sexual assaults on Stephanie. However, there existed independent evidence separate and apart from the DNA testimony linking him with the crime. The victim was able to audibly and visually identify appellee as the assailant. Appellee's use of the words "Hammer time" both the night before and the morning of the crime also connected him to the assault. Finally, the presence of the hair of the victim in the front seat of appellee's vehicle further corroborated Stephanie's testimony. Accordingly, the admission of the DNA evidence, even if erroneous, did not affect the outcome of the trial.

Appellee additionally contends that the failure of his trial attorney to object to the admission of the DNA evidence and to elicit the testimony of a DNA expert on his behalf constituted ineffective assistance of counsel. In *State v. Bradley* (1989), 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373, 379, this court announced the following test with respect to determining whether there has been ineffective assistance of counsel:

" 'When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910 [98 S.Ct. 3135, 57 L.Ed.2d 1154]. This standard is essentially the same as the one enunciated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674]."

Judged by the foregoing standard, it is apparent that the claim of appellee regarding ineffective assistance of counsel is without merit. As an initial matter, the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel. *State v. Thompson* (1987), 33 Ohio St.3d 1, 10–11, 514 N.E.2d 407, 417. Second, this court has held that

DNA results constitute reliable evidence. *State v. Pierce* (1992), 64 Ohio St.3d 490, 501, 597 N.E.2d 107, 115. Accordingly, the failure to challenge the admissibility of such evidence cannot be considered ineffective assistance of counsel. Finally, assuming that the advocacy of counsel was somehow deficient, such deficiency constitutes reversible error only where it prejudices the rights of the criminal defendant. As we observed earlier, there was a considerable body of other evidence which identified appellee as the assailant in the present case. Accordingly, even if the DNA evidence were excluded, there was sufficient additional evidence from which the jury could have concluded that appellee committed the crimes at issue. His claim regarding the ineffective assistance of counsel must therefore fail.

For the foregoing reasons, that aspect of the judgment of the court of appeals which held that the two counts of rape and one count of felonious sexual penetration were allied offenses of similar import is reversed, and its judgment rejecting the challenge to appellee's convictions based on the admission of the DNA evidence is affirmed. The cause is therefore remanded to the trial court for reinstatement of judgment.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.