[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Herbert Oller, appeals from his convictions in the Marion County Court of Common Pleas upon his guilty plea to three counts of rape in violation of R.C. 2907.02(A)(1)(b) and four counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), along with his subsequent sentencing.
On October 3, 1996, the grand jury indicted defendant on three counts of rape involving a minor less than thirteen years of age and four counts of illegal use of a minor in nudity-oriented material or performance. Additionally, the indictment contained a force specification on the first count of rape. The three counts of rape related to one victim, "DF" and the four other counts against two victims, including "DF."
After arraignment on the indictment, the trial court appointed counsel to represent defendant because he was indigent. A plea hearing was thereafter held on January 28, 1997. As part of the plea bargain, the prosecutor agreed to move for dismissal of the force specification if defendant pled guilty to all seven counts in the indictment. The trial court then questioned defendant to determine whether his plea was voluntary and knowing. Also, before defendant's plea was entered, the prosecutor briefly summarized the facts which would have been presented at trial. The prosecutor stated that the specific sexual conduct consisted of defendant performing fellatio on "DF," the twelve-year old victim, on at least two occasions and defendant having anal intercourse with the same victim. Following this submission, the defendant entered a plea of guilty to all seven counts in the indictment and the force specification was dismissed.
This matter proceeded to sentencing on April 8, 1997. The defendant was sentenced to a term of six years incarceration for each of the rape counts, to be served consecutively. Defendant was sentenced to a term of three years incarceration on each of the other four counts, to be served concurrently, but consecutively to the sentence rendered on the rape counts. The total sentence was twenty-one years incarceration. Additionally, the trial court determined that defendant should be classified a "sexual predator" pursuant to R.C. 2950.09(B).
Defendant now appeals the convictions and sentences, raising four assignments of error. For his first and second assignments of error, defendant asserts:
 The court erred in sentencing appellant on three counts of rape, as appellant's plea on three counts of rape was not knowingly and intelligently made.
 The court committed plain error in sentencing appellant on three counts of rape, when the facts presented at the sentencing hearing proved that conviction on three counts was improper.
In his first assignment of error, defendant argues that his guilty plea was not knowingly and intelligently made because he did not fully understand the significance of three separate counts of rape nor was the essential element of "sexual conduct" ever explained to him. Defendant further argues in his second assignment of error that the facts presented at the sentencing hearing simply do not support three rape convictions involving "DF."
As to defendant's first assignment of error, we note the negotiated plea of guilty to the offenses charged in the indictment while the force specification was dismissed upon the prosecutor's request. We further note that defendant's complete admission of guilt went to the operative facts stated during the plea colloquy and that defendant was represented throughout the proceedings by counsel. Based on the prosecutor's recitation, the facts stated constitute three separate counts of rape against the same victim.[1] It is well established that a defendant may be convicted of separate crimes of rape where there are two different acts of sexual conduct. See State v. Nicholas (1993),66 Ohio St.3d 431. Furthermore, the trial court properly questioned defendant pursuant to the dictates of Crim.R 11(C). The court's questioning and the record negate any claim of confusion over three separate counts of rape at the time the plea was entered.
Nor was there plain error at the sentencing phase as defendant argues in his second assignment of error. Prior to sentencing, a presentence investigation was conducted and it is noted that the investigator testified that defendant had admitted to sexual activity, including both fellatio and anal intercourse, with the two victims in this case. She further testified that defendant had admitted that he had engaged in intercourse with the twelve-year old victim, "DF," on about two different occasions. The record also references photographs of defendant engaging in fellatio with the victims. Defendant testified at the sentencing and because he referred to two occasions in his testimony, the trial court sought to clarify his plea of guilty to three counts of rape as follows:
 THE COURT: I would like to clarify one issue. I believe Mr. Oller said there [were] only two occasions with "DF."
 MR. SPOHN: [Defense Counsel] (Nods head affirmatively)
 THE COURT: It's my understanding * * * the State related the various counts that the first three were all related to "DF"?
 MR. BEIDLER: [Prosecutor]: But it could have been two occasions, two different types of activity.
THE COURT: Right.
Defense counsel then questioned defendant in regard to the number of times of the offense. Defendant indicated that the "first time" occurred while "DF" was having "rectal sex" with another boy at defendant's home, and in defendant's own words, "I reached down and I felt him, okay? That was the extent of that." Defendant described the second occasion as follows: "I give, uh, `D' oral sex. * * * I started giving a head, a blow job. I stopped. I rolled over and he give me a rectum sex at that time and that was the incident that occurred."
The record reveals that there was absolutely no objection at the sentencing hearing to the alleged ambiguity, nor was there a request that defendant be permitted to withdraw his guilty plea. Rather, despite defendant's characterization of the sexual activity, it is apparent from the record that both parties understood that the three counts of rape referred to two different incidents and that on one of the incidents, both fellatio and anal intercourse were performed. Again, it is noted that defendant agreed to the negotiated plea and was informed on the record of the facts. Finally, beyond the removal of a potential life sentence by virtue of the dismissal of the force specification, we note that defendant was actually sentenced to twenty-one years of incarceration instead of the possible maximum sentence of sixty-two years, or about one-third of the possible prison term the court could have imposed.
In sum, we conclude that defendant's guilty plea was voluntarily, knowingly and intelligently made. Upon consideration of all the foregoing that was before the trial court, we conclude that the court did not err in sentencing defendant on all three crimes. Accordingly, defendant's first and second assignments of error are overruled.
For his third assignment of error, defendant asserts:
 Appellant was denied due process at the sentencing hearing because the court heard and considered evidence on the issue of whether appellant should be classified as a "sexual predator" in relation to appellant's sentencing, and because of prosecutorial misconduct.
In this assignment of error, defendant argues that his due process rights were violated when the sentencing court heard evidence for determining whether to classify defendant a sexual predator under R.C. 2950.09 as part of his sentencing hearing. We have recently spoken on the newly enacted mandates of R.C. Chapter 2950. In State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, we held that R.C. 2950.09 violated the Retroactive Clause of the Ohio Constitution when applied to an offense committed before the effective date of the statute, January 1, 1997. Accordingly, on the authority of that case, we find that the trial court's application of R.C. 2950.09 was unconstitutional as applied to this defendant since his crimes were committed in 1996, prior to the enactment of the new version of the statute. Based on this conclusion, we find that the common pleas court was without authority to declare defendant a sexual predator. SeeState v. Fielder (Oct. 10, 1997), Union App. No. 14-97-10, unreported. To this extent only, the assignment of error is sustained.
However, despite our conclusion, we cannot find that the trial court's erroneously addressing the sexual predator issue as part of the sentencing prejudicially affected defendant's sentencing as to the offenses themselves. R.C. 2929.19(A)(1) directs the trial court that at the sentencing hearing, the offender, the prosecuting attorney, the victim or the victim's representative and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. Under Section (B)(1) of the statute, the factors that the court is required to consider in imposing sentence include the record, any information presented at the hearing by any person pursuant to division (A) of this section, the presentence investigation report, if prepared, and any victim impact statement. In this case, there was no evidence introduced during sentencing for defendant's sexually oriented offenses that could not have been introduced in the absence of making the determination as to whether the offender is a sexual predator pursuant to R.C. 2950.09(B)(1).[2] In fact, Ohio's sexual predator law provides that a sexual predator determination may be made during the sentencing hearing. See R.C. 2950.09(B)(1).
We turn now to defendant's arguments in his third assignment of error that the prosecutor committed misconduct at the sentencing hearing. Defendant argues that he was denied a fair sentencing hearing since the prosecutor introduced irrelevant evidence on other acts for which defendant was neither charged nor sentenced and on his use of force when the force specification was dismissed. Further, defendant claims that the prosecutor injected inflammatory remarks in summation about multiple victims, defendant's homosexuality, sexually explicit photographs, and defendant's use of force.
The evidence in question involved the testimony of two detectives. Detective Burbaugh discussed an interview with one of the victims' older brother, Chad. The detective stated Chad told him that defendant had offered $100 if Chad would allow defendant to "suck his dick." Chad was either eighteen or nineteen years of age at the time. On rebuttal, Detective Ross testified that he had interviewed both victims who told him of the defendant's use of force. We note that there was no objection at the sentencing hearing to such testimony. However, Crim.R 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error rises to the level of plain error when the error is outcome determinative. State v. Wiles (1991), 59 Ohio St.3d 71,88. However, generally, an appellate court will not reverse a trial court's exercise of discretion in sentencing if the sentence imposed is within the limits authorized by the applicable statute and the trial court considered the statutory criteria set forth in R.C. 2929.12. State v. Patterson (1996), 110 Ohio App.3d 264,268.
The record reveals that after the State rested at the sentencing hearing, defense counsel specifically questioned the defendant about Chad's statements, which the defendant contradicted. Although the force specification was dismissed, it is pertinent to note that during defendant's testimony at sentencing defense counsel also questioned him regarding his use of force. Defendant testified that he had never used any type of force. The record indicates that the detective's testimony was then advanced by the State to rebut that testimony from defendant. The record further reveals that the trial judge stated in his sentencing decision that he considered the statutory criteria set forth in R.C. 2929.12 in imposing defendant's sentence. Subsections (B) and (C) of that statute state the factors that shall be considered in favor of imposing longer (B) or shorter (C) sentences.
Thus, from a review of the record in this case, we cannot find that defendant was prejudiced from the testimony at the sentencing phase relating to the defendant's use of force or to other acts.
Defendant further challenges the references made by the prosecutor in summation at the sentencing hearing to four victims, defendant's homosexuality, the sexually explicit photographs and the force issue. Generally, the prosecution is entitled to some latitude in closing argument of the penalty phase. State v.Thompson (1987), 33 Ohio St.3d 1, 14.
Again, there was no objection at the sentencing hearing to the comments made by the prosecutor. Moreover, there is support for the prosecutor's remarks in the record. The record reveals that information on defendant's sexual activity with four boys was provided by defendant himself as part of the presentence investigation and that the same was included in the report provided to the court. The record also reveals that all of the defense witnesses testified regarding defendant's homosexuality and that defendant explained his intentions regarding the photographs during his testimony. Finally, the prosecutor's remarks were directed to a trial judge who is presumed to have considered only relevant evidence in arriving at its determination. Wiles, supra, at 87. Thus, in view of the record, we cannot find that such remarks deprived the defendant of a fair sentencing hearing.
Accordingly, defendant's third assignment of error is, to the extent indicated above, sustained in part and overruled in part.
For his fourth assignment of error, defendant asserts:
 Appellant received prejudicially ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.
Defendant claims he was denied effective assistance of counsel during the plea and sentencing proceedings herein. In order to reverse a conviction or sentence based on a claim of ineffective assistance of counsel, defendant must demonstrate that: 1) his counsel's performance at trial was deficient; and 2) that counsel's deficient performance prejudiced the defense.State v. Carter (1992), 64 Ohio St.3d 218, 224, citing Stricklandv. Washington (1984), 466 U.S. 668, 687.
As we discussed when addressing assignments of error one and two, there was an affirmative showing in the record that defendant knowingly, voluntarily and intelligently entered his plea of guilty and in so doing, the force specification of the first count of rape was dismissed. Also, as we also discussed when addressing assignment of error number three, we did not find that the joinder of the sexual predator determination in the sentencing phase prejudiced the defendant's sentencing. Nor did any misconduct by the prosecutor prejudicially affect the substantial rights of the accused. Thus, we conclude that defendant's arguments concerning ineffective assistance of counsel are without merit. Accordingly, defendant's fourth assignment of error is overruled.
In sum, we affirm the portion of the judgment of the common pleas court on defendant's convictions and sentences. However, the portion of the judgment purporting to declare defendant a sexual predator is reversed and vacated.
Judgment affirmed in part, reversed and vacated inpart.
 BRYANT and EVANS, JJ., concur.
[1] R.C. 2907.02 provides in pertinent part:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 "Sexual conduct" is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex[.]" R.C. 2907.01(A).
[2] When making its determination under R.C.2950.09(B)(1), the trial court is to consider the offender's age, prior criminal record, the age of the victim of the crime, whether the offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim in the commission of the crime, participation in available programs for sexual offenders, any mental illness or disability of the offender, the nature of the offender's conduct, whether the offender exhibited any cruelty in the commission of the offense, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(1)(a) through (j).