[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant/Appellant Deric Cook appeals the judgment of the Crawford County Court of Common Pleas sentencing him to a total of forty (40) years to life upon his plea of guilty to the indictment consisting of one count of aggravated burglary, two counts of rape with specification and one count of attempted murder with two specifications.
The actions of appellant which led to the multi-count indictment are uncontroverted and need not be stated in great detail. Appellant, then age eighteen (18), became aware that the girl living next door, Angela Brown, age seventeen (17), was home alone. Appellant confirmed that his younger sister was occupied, obtained a nine inch butcher knife from the kitchen of his house and proceeded to sneak into the Brown home. Appellant went to the second floor of the Brown home, dragged Angela to a nearby bedroom and raped her twice vaginally and once anally. Appellant confessed to hitting her in the head with the blunt part of the knife and teasing her during the attack by placing the sharp part of the knife against her skin and running it from her chest to vaginal area.
Then, believing that Angela would tell on him, appellant repeatedly stabbed her as she begged him to stop. After stabbing her approximately thirteen times, appellant heard Angela's parent's automobile pull into the driveway. Appellant covered her body with blankets from the bed, jumped out of the window and attempted to walk back to his house. Angela survived, made her way out of the house to inform her parents and appellant was chased and caught.
Appellant was indicted and the state and defense requested psychiatric testing. Upon review of the psychiatric reports, which indicated that appellant knew right from wrong at the time of the offense, it was stipulated that appellant was competent to stand trial. Ultimately, appellant withdrew his not guilty and not guilty by reason of insanity pleas and entered a guilty plea to all charges in the indictment. The instant appeal is taken from the trial court's sentence.
 ASSIGNMENT OF ERROR I:
The trial court erred in sentencing the defendant by failing to properly consider the defendant['s] extreme mental health and mental retardation problems.
R.C. 2929.14(C) states, in relevant part, that a trial court may impose the longest prison term authorized for the offense only upon offenders who committed the worst forms of the offense or when the offender poses the greatest likelihood of committing future crimes. See, also, R.C. 2929.14(G) regarding the term of life imprisonment for offenders convicted of a sexually violent offense and a sexually violent predator specification; and R.C.2971.03.
The sentence in the instant case was the longest authorized for each offense charged and the trial court found that both factors were present. Upon our review of the testimony presented, we find no abuse of discretion by the trial court as to these findings. The heinous nature of appellant's actions hardly need mentioned. It is clear that the teasing and taunting of Angela Brown, a young neighbor girl appellant knew for many years, provided a perverse sense of power that goes far beyond, as much as this is possible, the "ordinary" rape. The physicians who testified at sentencing agreed that appellant is a danger to himself and others.
Furthermore, we find nothing to indicate that the trial court failed to consider appellant's mental status for purposes of mitigation in sentence. In fact, the entire sentencing hearing focused on appellant's mental status. The trial court provided its own condemnation of the juvenile system which failed appellant's mother when she requested assistance and appellant was directly questioned by the trial court for further explanation of the voices he claimed to hear. In sum, we find no error in the trial court's conclusion that, although certain mitigating factors are present, they do not offset the circumstances of the crime.
Therefore, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II:
The trial court committed plain error in convicting defendant of aggravated burglary and sentencing him thereon, in contravention of Ohio Revised Code 2941.25 and 2953.08.
Appellant did not raise the allied offense issue before the trial court. As such, the error claimed is waived and may not be raised for the first time on appeal. State v. Comen (1990),50 Ohio St.3d 206.
Furthermore, we find no "plain error" committed by the trial court in convicting and sentencing appellant for aggravated burglary and rape. Aggravated burglary and rape are not allied offenses of similar import, as the elements of the offenses clearly do not correspond to such a degree that "the commission of one crime will result in the commission of the other." See Statev. Reynolds (1998), 80 Ohio St.3d 670; State v. Williams (1996),74 Ohio St.3d 569; State v. Nicholas (1993), 66 Ohio St.3d 431; and Newark v. Vazirani (1990), 48 Ohio St.3d 81.
Therefore, appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J., and EVANS, J., concur.