OPINION
Appellant, Reginald D. Richardson, appeals the determination of Judge Curran that he is a sexual predator pursuant to R.C.2950.09(C)(2). He alleges nine constitutional errors and makes evidentiary challenge to the ruling. For the following reasons, the judgment is affirmed.
In 1985, Richardson was found guilty by a jury on two counts of rape and one count of corruption of a minor. He was sentenced to concurrent sentences of life imprisonment on the first count of rape, ten to twenty-five years imprisonment on the second count of rape, and two to ten years imprisonment for the count of corruption of a minor. The facts underlying Richardson's convictions were reviewed by this court as follows:
 The victim, Warren McNeil, testified that he had lived on the same street as appellant in the summer of 1981. At that time, appellant was in his mid-twenties and McNeil was nine years old. One day that summer McNeil visited appellant's house. Appellant allegedly pulled down McNeil's pants and performed an act of anal sex on him. McNeil did not discuss this incident with anyone.
 In the months and years that followed, according to McNeil, appellant had anal sex with him several times. McNeil testified that he tried to break off the relationship, but appellant allegedly threatened to "get rid of" appellant's (sic
McNeil's) brothers; and that appellant once showed McNeil a long knife and said he carried it with him. As a result McNeil indicated that he continued his role as appellant's catamite.
 The incident which resulted in appellant's arrest and indictment occurred on January 2, 1985. Appellant was visited by McNeil, then thirteen years old, and Lamel Wade, a friend of McNeil. While Wade watched television in the living room, appellant and McNeil went into the bedroom and closed the door. Appellant then performed anal sex on McNeil and, for the first and only time, also put his mouth on McNeil's penis. After McNeil and appellant emerged from the bedroom, appellant gave the boys some coins and they left.
 When the two boys returned to McNeil's house, Wade persuaded McNeil to tell his mother what had happened. As a result, Mrs. McNeil called the police.
State v. Richardson (May 1, 1986), Cuyahoga App. No. 50424, unreported at 1-2.
Pursuant to R.C. 2950.09(C), the trial court held a hearing to determine whether Richardson is a sexual predator. At the hearing, the state presented the facts of the case as listed in our previous opinion to demonstrate that Richardson was a sexual predator as defined in R.C. 2950.01(G)(3). Richardson did not object to any evidence, did not offer witnesses at the hearing, and did not introduce any evidence even though his attorney mentioned at the outset of the hearing that Richardson planned to address the court.
 I.
Richardson's first assignment of error reads:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION AND VIOLATES ART. II. SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
Richardson argues that because he was convicted of rape and corruption of a minor prior to the effective date of H.B. 180, the application of the law to him violates both the Ohio and United States Constitutions. In State v. Cook (1998), 83 Ohio St.3d 404.700 N.E.2d 570, the syllabus reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
On the authority of the syllabus of Cook, supra, Richardson's first assignment of error is not well taken.
 II.
Richardson's second, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error read:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
Richardson's assignments of error and argument are identical to those considered by this court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72731, unreported. In Ward, supra, this court found these assignments of error to be without merit. Accordingly, Richardson's second and fourth through tenth assignments of error are not well taken.
 III.
Richardson's third assignment of error reads:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In this case, Richardson complains that the state's evidence was insufficient as a matter of law to allow the court to classify him as a sexual predator. The state presented evidence through this court's previous opinion that Richardson raped a boy numerous times over the course of four years and engaged in oral sex with that boy. Richardson argues that the state did not present clear and convincing evidence that he would likely commit a sexual offense in the future as required under R.C. 2950.01(E).
R.C. 2950.01(E) reads:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
At a sexual predator classification hearing, R.C. 2950.09(B)(2) provides guidelines for the factors a trial court is to consider as follows:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Pursuant to R.C. 2950.09(B)(3), after considering the above factors, the trial court is to determine whether the offender is or is not a sexual predator by clear and convincing evidence. Clear and convincing evidence is that evidence which would create a firm belief or conviction in the mind of the trier of fact.Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
In State v. Cook, the Ohio Supreme Court affirmed a determination that the offender was a sexual predator in which the trial court relied on a presentence report which contained notice of three prior sexual incidents, two of which resulted in convictions. 83 Ohio St.3d at 424-25. Similarly, other courts of appeal have upheld a classification of an offender as a sexual predator in which the evidence that the offender was likely to commit a sexually oriented offense consisted of prior sexual acts or offenses. See State v. Beaucamp (Dec. 11, 1998), Darke County App. No. 1463, unreported; State v. Nicholson (Nov. 30, 1998), Warren App. Nos. CA98-04-040, CA98-04-043, CA98-05-053, CA98-06-066, unreported; State v. Harden (Oct. 29, 1998), Franklin App. No. 98A2-223, unreported.
In this case, the trial court had before it Richardson's history of abuse of his young victim over the course of four years. See R.C. 2950.09(B)(2)(a), (b). This four-year period was punctuated by physical threats to the victim and constituted a pattern of abuse. See R.C. 2950.09(B)(2)(h), (i). On these facts, we cannot say that the court abused its discretion by classifying Richardson as a sexual predator when it had sufficient evidence to form a firm conviction that Richardson was likely to engage in sexual offenses in the future.
At the hearing, Richardson's attorney requested that Judge Curran give Richardson the "opportunity to talk to you about what's been going on with him" and mentioned that Richardson's mother and sister were present in the courtroom. There is no indication on the record that Judge Curran denied the request or precluded the testimony of witnesses, but following his reiteration of the facts surrounding the offenses, which included the criteria listed under R.C. 2950.09(B)(2). he then determined that Richardson was a sexual predator. Richardson's attorney did not object to any portion of the facts stated by Judge Curran or proffer any testimony and, therefore, waived all but plain error. State v. Nicholas (1993), 66 Ohio St.3d 431,435-436, 613 N.E.2d 225, 229.
The record does not demonstrate any error on the part of the trial court and the evidence was sufficient to find Richardson a sexual predator. For these reasons, Richardson's third assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J.
KENNETH ROCCO, J., CONCUR.
ANNE L. KILBANE, J.