OPINION
{¶ 1} Defendant-appellant, Robert Thomas, appeals his convictions in the Brown County Court of Common Pleas for rape and gross sexual imposition, his sentence to consecutive terms of imprisonment, and his adjudication as a sexual predator. We affirm the decision of the trial court.
 {¶ 2} Appellant provided baby-sitting services to his neighbor for many years. He would wake the neighbor's children up in the morning, feed them, and see that they made it to the school bus. The children who were not school age would stay with appellant the entire day.
 {¶ 3} In June of 2000, allegations arose that appellant was involved in sexual activity with, A.Y., the ten-year-old female he was baby-sitting. On June 22, 2000, Barry Creighton of the Brown County Department of Jobs and Family Services contacted appellant regarding A.Y. Appellant voluntarily met with Creighton and gave a statement after waiving his right to an attorney.
 {¶ 4} In the statement appellant admitted, "I put my hands where I shouldn't have." Appellant stated he put his hands down A.Y.'s pants three to four times. He also admitted to placing his finger inside of her two to three times. Appellant went on to describe an incident where he was lying on the couch at his residence. He stated, A.Y. "got on top of" him and started "going up and down *** like she wanted to do something." Appellant stated he then pulled down his pants, pulled A.Y.'s shorts to the side and placed his penis inside of her two to three times. Appellant stated, "I didn't try to force her into doing it ***, I didn't try to make her do anything."
 {¶ 5} On June 29, 2000, appellant phoned Creighton and explained that he overlooked another incident and he wished to clear up the additional matter. Appellant gave a second statement. In that statement, appellant described another occasion at A.Y.'s residence where she straddled him. Appellant stated that A.Y. "kind of got to rubbing herself on me," so he took his "private out and pushed up against her," and then he "pulled her [panties] over a little bit" and penetrated her. Appellant told Creighton that A.Y. "kind of sat down on me and she ***, done it herself now." Appellant stated that when he entered A.Y., "it wouldn't have been more than an inch or so up inside of her." Appellant stated that he refrained from entering her further "because I know myself, as little as she was and that young to shove a, my penis all the way up in her she would have screamed and cried." Furthermore, appellant stated that he believed that the ten-year-old liked the sexual acts that occurred.
 {¶ 6} After an investigation was completed, appellant was charged with 13 separate charges, seven counts of rape, and six counts of gross sexual imposition. On August 30, 2000, appellant was arraigned and he entered a plea of not guilty. On September 22, 2000, appellant filed a motion to suppress the statements that he had given. On October 3, 2000, appellant filed a suggestion of incompetency. On July 31, 2001, the trial court entered a finding that appellant was competent. On August 8, 2001, a hearing was held and appellant's motion to suppress was denied. Appellant was tried by a jury and convicted of seven counts of rape and six counts of gross sexual imposition. Appellant appeals his conviction raising four assignments of error.
Assignment of Error No. 1:
 {¶ 7} "The Trial Court Erred To The Prejudice Of The Appellant By Denying Appellant's Motion To Dismiss For Failing To Bring Appellant To Trial Within Speedy Trial Provisions."
 {¶ 8} R.C. 2945.71 states that a defendant shall be brought to trial within 270 days after his arrest. Furthermore, R.C. 2945.71 states that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." However, the time within which an accused must be brought to trial may be extended by "any period during which the accused['s] *** mental competence to stand trial is being determined." R.C. 2945.72(B).
 {¶ 9} Appellant concedes that filing a suggestion of incompetency tolled the speedy trial provision of R.C. 2945.71. However, appellant argues that the speedy trial time should not have been tolled for ten months while he remained incarcerated. Appellant argues the delay was unreasonable and his right to a speedy trial was violated. Therefore, appellant argues his motion to dismiss on speedy trial grounds should have been granted.
 {¶ 10} Contrary to appellant's argument, the statutory extension in R.C. 2945.72(B) for determining the accused's mental competence to stand trial is not limited to a specific time period. See State v.Palmer (1998), 84 Ohio St.3d 103, 106. Therefore, the time period to bring appellant to trial was tolled by appellant's own motion to determine his competency. Consequently, the trial court was correct in denying appellant's motion to dismiss on speedy trial grounds. The first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 11} "The Trial Court Committed Plain Error By Entering Judgment Of Conviction Against The Appellant For Violation Under 2907.02(A)(1)(b) And 2907.05(4) Which Were Allied Offenses Of Similar Import And Merged As A Matter Of Law."
 {¶ 12} Appellant argues that even though the indictment charged him with various counts of rape and gross sexual imposition, they are allied offenses of similar import. Appellant argues the various counts arose during the same conduct, therefore, the trial court erred by failing to merge the counts into a single sentence.
 {¶ 13} R.C. 2941.25 provides: "(A) Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." In Statev. Nicholas (1993), 66 Ohio St.3d 431, 434, the Ohio Supreme Court set forth the following two-step analysis for the purpose of determining whether multiple crimes constitute allied offenses of similar import:
 {¶ 14} In the first step, "the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Id. The Nicholas court held that offenses involving distinct forms of sexual activity, specifically, vaginal intercourse, cunnilingus, and digital penetration, constituted a separate crime with a separate animus, and are not allied offenses of similar import. Id. at 435.
 {¶ 15} Under R.C. 2907.02(A)(1)(b), rape is comprised of the elements of engaging in sexual conduct with another, not one's spouse, where the other person is less than thirteen years of age. Sexual conduct is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A). Under R.C. 2907.05(A)(4), gross sexual imposition is comprised of the elements of having sexual contact with another, not the spouse of the offender; when the other person is less than thirteen years of age. Sexual contact is defined as touching of an erogenous zone. See R.C.2907.01(B). Clearly, the commission of the crime of gross sexual imposition will not necessarily result in the commission of a rape.
 {¶ 16} Appellant was convicted of multiple instances of rape and gross sexual imposition, involving different sexual activities on several separate occasions over a period of time. The crimes were committed separately and there was a separate animus for each crime. Therefore, the trial court acted properly in not treating these offenses as allied offenses of similar import and in sentencing defendant on each guilty finding. Accordingly, the second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 17} "THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 18} Appellant argues his sexual predator classification is against the manifest weight of the evidence and does not support a finding that he is a sexual predator likely to re-offend.
 {¶ 19} A sexual predator is statutorily defined as "a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Appellant was convicted of seven counts of rape and six counts of gross sexual imposition, which are sexually-oriented offenses. Therefore, the issue for the trial court to determine was whether appellant was likely to commit another sexually-oriented offense in the future.
 {¶ 20} A trial court must find that a defendant is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 21} R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator likely to commit another sexually-oriented offense in the future. The statute does not require that each factor be met in order for the trial court to find that a defendant is a sexual predator. Rather, when making a determination as to whether a defendant is a sexual predator, R.C.2950.09(B)(2) requires the trial court to consider all relevant factors, including, but not limited to, all of the following:
 {¶ 22} "(a) The offender's age;
 {¶ 23} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 24} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 25} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 26} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 27} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 28} "(g) Any mental illness or mental disability of the offender;
 {¶ 29} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 30} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 31} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 32} The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). See State v. Holland (Sept. 10, 2001), Brown App. No. CA2000-11-031. The court may rely on one factor more than another depending on the circumstances of the case. See id. Furthermore, a single conviction may support a finding that a defendant is a sexual predator. See State v.Higgins (May 22, 2000), Clermont App. No. CA99-07-068.
 {¶ 33} In making its determination that appellant is a sexual predator, the trial court considered the disparity of appellant's age to that of his victim. Appellant was 51 years old at the time of the offense and his victim was ten. The court also considered the fact that appellant was in a position of trust over the victim as he was the victim's baby-sitter. While there was only one victim and appellant had no criminal record, the trial court also noted that appellant committed multiple offenses against the victim and failed to show remorse or to take responsibility for his actions. Appellant testified that he never had sexual contact with A.Y. and that he only confessed to the sexual contact with A.Y. because an anonymous caller threatened to harm the children he was baby-sitting, his wife, and his own child, if he did not confess.
 {¶ 34} Upon a review of the record we find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 35} "The Trial Court Erred When It Sentenced Appellant To Serve Consecutive Terms Of Imprisonment."
 {¶ 36} Appellant argues that the record fails to "clearly and convincingly support the sentencing court's imposition of consecutive sentences." Appellant maintains that the evidence was insufficient to demonstrate that a single term of imprisonment would fail to rehabilitate him or fail to protect the public from future crime. Therefore, appellant argues, the consecutive sentences were disproportionate to the seriousness of the crime and danger appellant poses to the public.
 {¶ 37} R.C. 2929.14(E)(4) requires the trial court to make specific findings on the record before it can properly impose consecutive sentences. The statute states:
 {¶ 38} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to adequately punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 39} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 40} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 41} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 42} The court found that, for reasons stated on the record, consecutive sentences are "necessary to protect the public from future crime or to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant poses to the public." The trial court also found that the harm caused by the Defendant's multiple offenses "was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct."
 {¶ 43} The record contains abundant evidence to support the trial court's decision to impose consecutive sentences for three counts of rape and two counts of gross sexual imposition. As mentioned above, appellant committed these offenses over a long period of time while he was in a position of trust. The nature of the sexual conduct escalated over time. His victim has suffered and will continue to suffer serious harm. The trial court did not err in finding consecutive sentences were not disproportionate to the seriousness of the crime and the danger appellant posed to the public. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.