JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Keith Adkisson, appeals his bench trial conviction of possessing crack cocaine in an amount less than one gram, in violation of R.C. 2925.11. In December of 2000, at approximately 12:40 AM, two police officers saw defendant, while driving, make two turns without using his turn signal. They pulled him over because of this traffic violation. When they asked to see his license, they discovered that he was driving under suspension, so they placed him under arrest and impounded his car.
 {¶ 2} During their search of the car, they found what they believed was a rock of crack cocaine on the floor between the driver's seat and the console. Both officers testified that defendant was alone in the car and that they found no open containers or illicit materials other than the small rock of crack. A field test of this rock tested positive for cocaine. In opening statement the state claimed that the police lab, the Scientific Investigation Unit, had tested the rock and determined that it was .02 of crack cocaine; the actual lab test results, however, were not entered into evidence.
 {¶ 3} Defendant denied having any knowledge of crack cocaine in his car. Rather, he claimed that at the time he was stopped, he was giving a ride to a friend from the neighborhood. According to defendant, this friend, whom he had known for five or six years, had an open container of beer with him when he got into the car. He testified that he told the friend to close the beer. When the police stopped the car, defendant testified, they ordered the friend to pour out the beer on the street corner and to leave.
 {¶ 4} After the court determined that he was guilty, defendant was sentenced to one year of community control sanctions and license suspension of six months. He timely appealed, citing four assignments of error. Because the second assignment of error is dispositive of the case, we will address it first. It states:
II. Because The Evidence In Support Of Appellant's Possession Charge Was Insufficient, The Trial Court Erred When It Denied Appellant's Crim.R. 29 Motion.
 {¶ 5} Defendant argues for the first time on appeal[1] that because the state failed to enter into evidence official laboratory tests confirming the officer's field test showing cocaine, the court erred relying on the officer's field test and in finding that the substance was cocaine. Defendant did not object to the admission of the rock as crack cocaine at trial. Unless this error is found to be plain error, therefore, this issue is waived. State v. Carter (2000), 89 Ohio St.3d 593;State v. Nicholas (1993), 66 Ohio St.3d 431. Moreover, unless the outcome of the trial would have been different but for the error, plain error does not exist. State v. Long (1987), 53 Ohio St.2d 91.
 {¶ 6} "Crim.R. 52(B) allows us to notice plain errors or defects when an accused's substantial rights have been violated. The appellee was required by law to present sufficient evidence as to each element of the offense. * * * When a necessary element has not been shown, we are allowed to notice that omission when the appellant's rights are violated." In the Matter of: Theonne Mason (Jan. 28, 1999), Cuyahoga App. No. 73259, at *5. If the state failed to prove each element of the offense, therefore, this court will reverse it under the plain error standard.
 {¶ 7} In order to obtain a conviction for possession of crack cocaine, the state must prove the elements of the crime, which are found in R.C. 2925.11(A): "No person shall knowingly obtain, possess, or use a controlled substance." First, the state must prove that the person knew he was in possession of the crack. Next, the state must prove that he actually did have possession of the crack. Finally, it must prove that the substance defendant knowingly possessed was indeed crack cocaine.
 {¶ 8} The actual rock of cocaine was the only exhibit entered into evidence at trial. When one of the officers identified the crack at trial, he noted that it was labeled as .02 grams and positive for cocaine. He does not indicate, however, whether this information was from a lab test or the road side field test.
 {¶ 9} Experienced narcotics officers are qualified to identify marijuana by sight without a laboratory test. State v. Maupin (1975),42 Ohio St.2d 473, paragraph two of the syllabus. This same holding has not, however, been made for identifying a rock of crack cocaine, despite the state's assertion that the officer's visual identification and field test were enough. We note that the state failed to provide any law to support its assertion, nor could we find any precedent which would allow the state to introduce an unauthenticated laboratory analysis of a substance suspected of being cocaine.
 {¶ 10} The statute governing laboratory testing is R.C. 2925.51. This statute specifies what is "prima facie evidence of the content, identity, and weight" of a substance. The statute further specifies conditions for introducing such evidence, for example, a notarized statement of the person who signed the report. The notarized statement should describe his training and experience and should attest that due caution was exercised in the analysis of the substance. The statute further specifies what labs are acceptable to provide such reports. These statutory conditions were not satisfied in the case at bar.
 {¶ 11} The statute does not recognize the reliability or admissibility of a field test for purposes of introducing prima facie evidence. Nor did the police officer properly establish his credentials for this purpose. Without any evidence establishing the reliability of the field test or any law to confirm that an officer's field test is sufficient proof the substance was indeed crack, the state has failed to prove an essential element of the case, that the rock was a controlled substance. If the state has failed to prove one of the elements of a crime, the defendant must be acquitted. The conviction is therefore reversed and defendant discharged.
 {¶ 12} Because this assignment of error disposes of the case, the remaining assignments of error are moot.[2]
KENNETH A. ROCCO, A.J., CONCURS IN JUDGMENT ONLY; PATRICIA ANN BLACKMON, J., CONCURS.
[1] Defendant's counsel made a Crim.R. 29 motion, which he later removed, regarding the failure of the state "to present a prima facie case." The transcript is not clear, however, that in objecting that "[h]e clearly did not physically possess this particular rock," counsel was objecting solely to the state's failure to show defendant "knowingly possessed" or rather to the failure to identify what he allegedly "knowingly possessed" was indeed crack. Counsel says, "they failed miserably in showing that he possessed any crack cocaine in this particular situation." It is not clear whether defense counsel is objecting to the state's failure to identify the crack or rather the failure to prove possession.
[2] "I. The Trial Court's Finding That Appellant Is Guilty Of Possession Of Cocaine Is Against The Manifest Weight Of The Evidence.
"III. Appellant Was Denied His Constitutionally Protected Right To Effective Assistance Of Counsel."
"IV. The Trial Court Failed To Strictly Comply With The Dictates Of R.C. 2945.05 And Was, Thus, Without Jurisdiction To Proceed To Trial Without A Jury.