JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Elijah Iverson ("Iverson") appeals his conviction for carrying a concealed weapon under R.C. 2923.12 and assigns three assignments of error for our review. For the reasons outlined below, we agree with Iverson's second assignment of error and reverse the decision of the trial court and vacate Iverson's conviction. The following are the relevant facts.
 {¶ 2} On March 24, 2004 Officers Robinson and Ebheart of the Cleveland Police Department initiated a traffic stop at East 22nd Street and Orange Avenue near downtown Cleveland.[1] The vehicle contained three males, a driver and front passenger and Iverson as the lone rear passenger. The driver was unable to produce a driver's license, and the officers decided to arrest the driver and tow the vehicle. After removing the occupants of the car, none of whom had identification, the officers conducted an inventory search prior to towing the vehicle. While Officer Robinson watched the three males seated in the back of the police cruiser, Officer Ebheart searched their vehicle and located a red skull cap with a loaded 22-caliber handgun concealed inside it on the center of the rear seat adjacent to where Iverson was seated.[2] All three males were questioned about the weapon by Officer Ebheart, and all denied ownership of the gun.[3]
 {¶ 3} Iverson was the only occupant charged in connection with the recovered weapon. He waived a jury and proceeded with a bench trial where he was found guilty by the trial court. Officer Robinson was the only officer who testified at trial. Officer Ebheart was on active duty with the military in the Middle East and unavailable at the time of the trial.
 {¶ 4} At trial, Officer Robinson acknowledged that he never observed the red skull cap or the weapon inside the vehicle. He acknowledged that his partner, Officer Ebheart, was the one who searched the vehicle. He further admitted that his knowledge of the specific facts regarding the location and recovery of the weapon was based on what Officer Ebheart told him. Officer Robinson was unable to provide any information on whether the serial number of the gun could be linked to any identifiable person or to the vehicle occupants. Last, when asked about the operability of the weapon, Officer Robinson testified about the contents of a forensic laboratory report, marked as state's exhibit #2, that indicated the weapon was "operable." No objection was raised to this testimony.
 {¶ 5} The trial court found Iverson guilty of carrying a concealed weapon, a felony of the fourth degree under R.C. 2923.12, and sentenced him to a community controlled sanction for a term of four years. Iverson has appealed his conviction, raising three assignments of error that essentially raise the same issue, involving the admission of testimonial hearsay. The assignments read as follows:
 {¶ 6} "I. The failure of defense counsel to object to an officer's testifying as to a second officer's findings constitutes ineffective assistance of counsel."
 {¶ 7} "II. The admission of the hearsay testimony regarding the concealment of the weapon constitutes plain error."
 {¶ 8} "III. The conviction of Carrying a Concealed Weapon is against the weight of the evidence."
 {¶ 9} Iverson's first and third assignments of error raise claims of ineffective assistance of counsel and manifest weight of the evidence. They essentially arise out of the primary claim contained in the second assignment of error involving the admission of testimonial hearsay. As such, we shall address the second assignment as it is dispositive of the issues raised in this appeal.
 {¶ 10} Civil Rule 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists only when, but for the error, the outcome of the trial would clearly have been otherwise. State v. Nicholas (1993), 66 Ohio St.3d 431, 436.
 {¶ 11} Iverson claims that it was plain error for the trial court to allow Officer Robinson to testify about the concealment and recovery of the weapon because this testimony was based not on what Robinson saw or did, but rather on what his partner told him about the concealment and recovery. Further, Robinson "refreshed" his testimony by reviewing the original police report prepared by Ebheart, who did not testify. Iverson claims his right to cross-examine the true source of this evidence, Officer Ebheart, was violated under his Sixth Amendment right to confront and cross-examine his true accuser. We agree.
 {¶ 12} The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The United States Supreme Court has held that this bedrock procedural guarantee applies to both federal and state prosecutions. Crawford v. Washington (2004), 541 U.S. 36, citing Pointer v. Texas (1965), 380 U.S. 400, 406.
 {¶ 13} We note that the right of confrontation requires that whenever possible, testimony and cross-examination should occur at trial. The purpose behind the Confrontation Clause is twofold: (1) to allow a criminal defendant the right to confront his or her accusing witness face-to-face in open court for truth-testing cross-examinations; and (2) to give the jury an opportunity to judge the credibility of the witness through observation of the witness's demeanor. Mattox v. United States
(1895), 156 U.S. 237, 242-43; State v. Allen, Cuyahoga App. No. 82556,2004-Ohio-3111.
 {¶ 14} Here, Officer Robinson provided testimony about the location and concealment of the weapon and its proximity to Iverson. Robinson, however, had no personal knowledge of these facts and acknowledged that he never saw the skull cap or the weapon in the vehicle. Because the Sixth
Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him," U.S. Const. Amend. VI, hearsay is presumptively inadmissible. United States v. Pugh (2005), 405 F.3d 390. Hearsay is defined as an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).
 {¶ 15} In this instance, Robinson's statements regarding Ebheart's findings were classic hearsay. Since the state had to prove the weapon was concealed, Robinson's testimony about Ebheart's recovery was directly offered to prove the truth of the matter asserted. Further, this hearsay testimony was not only about the concealed nature of the weapon, but also the specific location of the weapon in the vehicle and its proximity to Iverson. Last, additional hearsay testimony, relevant to the operability of the weapon, was introduced when Robinson read, from state's exhibit #2, the results of a test firing procedure of the weapon that was conducted on a prior date by a lab technician who did not testify.
 {¶ 16} In addition to being classic hearsay, Officer Ebheart's statements to Robinson regarding the weapon, as well as the findings in the police report, were testimonial. In United States v. Cromer (6th Cir. 2004), 389 F.3d 662, 675, the Sixth Circuit Court of Appeals determined that the proper inquiry for determining whether a statement is testimonial for evidentiary purposes is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime."
 {¶ 17} Certainly Ebheart knew in discussing the facts with his partner Robinson and in writing the original report that his statements would likely be used against Iverson in a criminal prosecution. Thus, theCrawford test regarding the testimonial nature of the statements is satisfied.
 {¶ 18} The state asserts that the admission of this evidence was harmless. A conviction will not be reversed when other evidence adduced at a defendant's trial is "so overwhelming, and the prejudicial effect of the [subject statement] is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." State v. Lazzaro, Cuyahoga App. No. 84956,2005-Ohio-4118, citing State v. Moritz (1980), 63 Ohio St.2d 150, 156. We reject the state's view. In this instance, although trial counsel for Iverson did not always object to the hearsay testimony, we nevertheless find it was plain error to admit this evidence. In fact, but for this evidence, there was no independent evidence offered regarding the weapon's concealment or its operability.
 {¶ 19} We are cognizant that in recent cases this court has carved out some narrow exceptions to Crawford involving testimonial statements that were either not offered to prove "the truth of the matter asserted" (State v. Smith, 162 Ohio App.3d 208, 2005-Ohio-3579) or were admitted for purposes of medical treatment or diagnosis (In re D.L., Cuyahoga App. No. 84643, 2005-Ohio-2320). In addition, some admissions were found harmless (State v. Lazzaro, Cuyahoga App. No. 84956, 2005-Ohio-4118). Here, there is no such exception present.
 {¶ 20} For the reasons outlined above, we find merit to Iverson's second assignment of error and reverse the decision of the trial court and vacate the conviction.
 {¶ 21} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.
[1] Officer Robinson was the only officer who testified at trial. He was unable to recall the specific traffic infraction that resulted in the stop.
[2] The red skull cap was not introduced into evidence at trial. Officer Robinson indicated it was not maintained in the police evidence room but may have been left in the property room.
[3] Although all three males were initially arrested for the weapon, the file reflects that only Iverson was formally charged.