OPINION
Appellant Mark Warner appeals his conviction, in the Delaware County Court of Common Pleas, for one count of aggravated murder with an attendant firearm specification. The following facts give rise to this appeal. On the evening of May 27, 1997, appellant murdered his wife, Barbara Warner, after shooting her with a handgun. Prior to the shooting, both appellant and his wife had been drinking and began arguing when Mrs. Warner indicated she wanted to leave appellant. After shooting his wife, appellant telephoned 911 and informed the sheriff's dispatcher, several times, that he had just shot his wife. Deputies from the Delaware County Sheriff's Department arrived on the scene and placed appellant in the back of a cruiser. On June 6, 1997, the Delaware County Grand Jury indicted appellant for one count of aggravated murder and one count of involuntary manslaughter, both with attendant firearm specifications. Appellant appeared at his arraignment, on June 9, 1997, and entered a plea of not guilty. On July 1, 1997, appellant filed a motion to suppress statements he made while in custody. The trial court conducted a hearing on appellant's motion on October 9, 1997. The trial court overruled appellant's motion on October 10, 1997. This matter proceeded to trial on October 20, 1997. Following deliberations, the jury found appellant guilty of aggravated murder and the accompanying gun specification. The trial court sentenced appellant to a term of life imprisonment with eligibility for parole after twenty years on the aggravated murder charge and three years on the gun specification. Appellant filed a motion for new trial on November 24, 1997. The trial court overruled appellant's motion on March 17, 1998. Appellant filed a notice of appeal on April 20, 1998. We dismissed the appeal for want of jurisdiction on July 2, 1998. Appellant filed an application to reopen his appeal on August 25, 1998, which we granted on October 5, 1998. Appellant sets forth the following assignments of error for our consideration:
 I. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEEN (SIC) AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 II. THE STATE OF OHIO REFERENCED THE DEFENDANT'S FAILURE TO TESTIFY IN VIOLATION OF MR. WARNER'S FIFTH AMENDMENT RIGHT TO REMAIN SILENT.
 III. THE AUDIO TAPES PLAYED IN THE STATE OF OHIO'S CASE IN CHIEF WERE NOT PROPERLY AUTHENTICATED BEFORE BEING PLAYED TO THE JURY.
 IV. THE DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO TESTIFY AT TRIAL.
 I
In his First Assignment of Error, appellant contends he was denied effective assistance of counsel. We disagree. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993),506 U.S. 364. It is based on this standard that we review appellant's Third Assignment of Error. Appellant sets forth several arguments in support of this assignment of error. First, appellant maintains defense counsel was ineffective because he failed to call an expert witness concerning appellant's level of intoxication and whether, due to appellant's intoxication, he could form the requisite mens rea to commit the offense of aggravated murder. Appellant further maintains an expert witness was needed to assist defense counsel in preparing for the cross-examination of the state's expert, Dr. Alfred Straubus. In State v. Thompson (1987), 33 Ohio St.3d 1, 10-11, the Ohio Supreme Court explained that a defense counsel's failure to call an expert witness and reliance on cross-examination does not constitute ineffective assistance of counsel. See, also, State v. Nicholas (1993), 66 Ohio St.3d 431, 436. The record indicates that although defense counsel did not call an expert witness, he did conduct a lengthy cross-examination of Dr. Straubus. Tr. Vol. III at 510-537; 542-551. Finally, we note the record is silent as to what appellant's expert would have testified to at trial. Without evidence of what an expert witness would have testified to, at trial, on appellant's behalf, appellant cannot establish the prejudice prong of the Strickland test. Appellant next maintains defense counsel was ineffective because he failed to call Mr. Walter Halley to testify concerning the location of the revolver used to kill Mrs. Warner. Appellant addressed this issue, at the trial court level, in his motion for new trial. Appellant did not assign as error the denial of his motion for new trial. Since this evidence is outside the record of the trial proceedings and appellant did not specifically assign as error the denial of his motion for new trial, we will not address this issue on appeal. Appellant claims, in his third argument, that defense counsel was ineffective because he failed to make an opening statement. In the case of State v. Keith (1997), 79 Ohio St.3d 514, 537, the Court specifically rejected the argument that the failure to make an opening and closing statement will result in ineffectiveness per se. At the commencement of the trial, defense counsel requested that he be permitted to reserve his opening statement until after the state completed its case in chief. Tr. Vol. II at 153-154. The trial court overruled appellant's request. Id. Appellant argues it was imperative for defense counsel to introduce his theory of the case, to the jury, as soon as possible. Appellant further maintains there was not strategic reason to not give an opening statement prior to the state's case in chief. As part of trial strategy, defense counsel may have decided not to disclose his theory of the case, to the state, prior to the state's case in chief. Appellant has not demonstrated, on appeal, that defense counsel's conduct in failing to give an opening statement fell below an objective standard of reasonable representation. In his fourth argument, appellant contends defense counsel was ineffective for failing to play exculpatory portions of audio tapes introduced by the state. During its case in chief, the state played the 911 tape, an audio tape of a conversations appellant had with the sheriff's dispatcher and a recording of appellant yelling while in the back of a cruiser. We will not address the merits of this argument as it concerns evidence not presented at trial and therefore, outside the record for purposes of direct appeal. In his final argument in support of this assignment of error, appellant contends the aggregate of defense counsel's performance amounted to ineffective assistance of counsel. In addition to the incidents addressed above, appellant claims defense counsel failed to cross-examine two of the state's witnesses; failed to object and ask for a mistrial or curative instruction, during the state's closing argument, when the state referred to appellant's failure to testify; and failed to object to the playing of audio tapes purporting to contain the voice of the appellant admitting to the crime without the tape being properly authenticated. Appellant does not inform us, in his brief, the names of the witnesses whom defense counsel should have cross-examined. For reasons stated in subsequent assignments of error, we do not find the remaining two arguments establish that defense counsel's conduct fell below a reasonable level of representation and violated any duties owed to appellant. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the state improperly referenced his failure to testify at trial. We disagree. In support of this assignment of error, appellant cites to the following statement, made by the prosecutor, during closing arguments: Six bullets were found, six spent casings were found. [Mrs. Warner's] body's back here in this small hallway, outside the bathroom. We know that some of the wounds were in her back; he shot her in the back. Also we know that in all probability she was standing when some of these wounds were made. Only two people could actually tell us what happened that night, this gentleman right here, and the other person who is dead. But the bullets also show us the trajectory. And you also know how tall she was, from the heel to where the wounds were made. I will not try to aim [the murder weapon], I don't even care if it's empty. Tr. Vol. IV at 585-586. (Emphasis added.)
Appellant argues the above statement is an obvious reference to the fact that appellant did not testify. The record indicates defense counsel did not object to this statement at trial. Therefore, we must analyze this assignment of error under a plain error analysis. Plain error is not present under "* * * Crim.R. 52(B), unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. The Fifth Amendment to the United States Constitution provides that every defendant enjoys the right not to testify at trial. Wainwright v. Greenfield (1986), 474 U.S. 284. The prosecution cannot create an improper inference of guilt by referring to defendant's decision not to testify. State v. Heinrich (Apr. 29, 1991), Butler App. No. CA-90-09-201, unreported. However, a passing reference to a defendant's silence in insufficient to find that the prosecutor created an improper influence. State v. Farley (Nov. 2, 1998), Clermont App. No. CA98-01-004, unreported, at 4. Read in context, the prosecutor made this comment while discussing the gunshot wounds appellant inflicted. In so doing, the prosecutor was attempting to explain to the jury that they would have to draw their conclusion of what happened that evening from the evidence presented at trial since no direct evidence was presented by way of testimony. The prosecutor did not directly comment on the fact that appellant did not testify. It was a comment on what the jury would need to consider in reaching a verdict in this case. This comment does not rise to the level of plain error because but for this comment by the prosecutor, we do not find the outcome of the trial clearly would have been otherwise. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant maintains the audio tapes played by the state, to the jury, were not properly authenticated under Evid.R. 901. Appellant also contends there was not testimony these tapes were true and accurate representations of the originals or that it was appellant's voice on the tapes. We disagree. As in the preceding assignment of error, defense counsel did not object to the introduction of these tapes. Therefore, we must analyze this assignment of error under a plain error analysis. The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Evid.R. 901(A) provides: (A) General provision The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
Section (B) of Evid.R. 901 sets forth examples of authentication or identification conforming with the requirements of this rule. The tapes at issue concern a 911 tape, a taped conversation sheriff dispatcher Kevin Smith had with appellant and statements appellant made while in the back of the cruiser. As to the 911 call, Detective Michael Askew testified that he secured the 911 tape and verified that he had a copy of the 911 tape to play for the jury. Tr. Vol. II at 279-280. The second tape played for the jury was a conversation sheriff dispatcher Kevin Smith had with appellant. Detective Askew verified the tape played for the jury was a copy of this conversation. Id. at 281. The third tape played for the jury was a recording Detective Askew made of appellant yelling while detained in the back of a cruiser. Id. at 282-283. Detective Askew verified that appellant was the only person in the cruiser at the time the recording was made. Id. at 285. Detective Askew also verified that it was appellant's voice on the tape. Id. We find the state properly authenticated these tapes, prior to playing them for the jury, under Evid.R. 901(B)(1) and (5). Evid.R. 901(B)(1) provides that evidence is properly authenticated or identified with "[t]estimony that a matter is what it is claimed to be." The record indicates that prior to playing each tape for the jury, Detective Askew explained what each tape contained. Further, as to the third tape played for the jury which contained appellant's voice yelling from the back of the cruiser, in addition to complying with Evid.R. 901(B)(1), Detective Askew also made a voice identification pursuant to Evid.R. 901(B)(5). This section of Evid.R. 901 permits authentication or identification as follows: Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker. Based on our review of the record, we find the trial court did not abuse its discretion when it permitted the state to introduce these taped recordings into evidence. The record indicates the state authenticated and identified the recordings as required by Evid.R. 901. As such, the admission of these recordings was not error and therefore, did not constitute plain error. Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant claims undue influence, from defense counsel, prevented him from testifying at trial. We disagree. In State v. Bey (1999), 85 Ohio St.3d 487,499, the Ohio Supreme Court addressed this issue and stated as follows: Generally, the defendant's right to testify is regarded both as a fundamental and a personal right that is waivable only by an accused. See, e.g., Rock v. Arkansas (1987), 483 U.S. 44,107 S.Ct. 2704, 97 L.Ed.2d 37; Jones v. Barnes (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 997, 993; Brown v. Artuz (C.A.2, 1997), 124 F.3d 73, 77, [corrected opinion cited at: 1997 U.S. App. LEXIS 34018]. But in Ohio, courts of appeals have held that a trial judge is not required to conduct an inquiry with the defendant about the decision whether to testify. See, e.g., State v. Oliver (1995), 101 Ohio App.3d 587, 656 N.E.2d 348. In fact, most courts have ruled that neither the United States Constitution nor applicable rules require the trial judge to ask the defendant about the decision not to testify. [citations omitted.] We agree and hold that a trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense.
Even though case law does not require an inquiry by the trial court, in the case sub judice, the trial court did inquire of appellant concerning his decision not to testify. The following discussion occurred between the trial court and appellant:
 THE COURT: Okay. Now this matter comes up about you not testifying Mr. Warner, you have every right under the law either to testify or not to testify.
DEFENDANT: I choose not to.
 THE COURT: You have the constitutional privilege against self-incrimination, no person on the face of this earth can force you to testify. Likewise, no person on the face of this each can force you not to testify. This has to be your own decision. It's been brought into the record here, that you choose, and you have every right not to testify. I ask you is: Is this your own personal choice?
DEFENDANT: Yes, your Honor.
THE COURT: This is your choice that you made voluntarily?
DEFENDANT: Yes.
 THE COURT: Nobody has made any threats to you or any promises to you?
DEFENDANT: No.
* * *
 THE COURT: Real good. Thank you, very much. The court will determine that this defendant, Mark B. Warner, has freely, voluntarily and without any threats or promises whatsoever, elected not to testify in this case; Mr. Warner is a reasonably educated individual, who is not under the influence of alcoholic beverages or medicines or drugs. Tr. Vol. III at 576-577.
Clearly, based on this discussion with the trial court, appellant voluntarily decided not to testify at trial. There is no evidence in the record that indicates otherwise. Appellant's Fourth Assignment of Error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed. By: Wise, P.J. Edwards, J., concurs. Hoffman, J., concurs separately.