OPINION
Appellant, Lahtovous D. Whitted, appeals from the judgment of the Ashtabula County Court of Common Pleas entered on December 6, 1999. After a jury trial, appellant was convicted of trafficking in cocaine in violation of R.C. 2925.03(A). The issues on appeal involve the identification of appellant and the testimony at trial of appellant's father. The following facts are relevant to a determination of this appeal.
The cocaine sale in this case occurred on a street in an area known for drug sales. A confidential informant working in conjunction with the Ashtabula Police Department bought the cocaine. The sale occurred on April 15, 1997. This was the only time the confidential informant ever saw appellant, and the transaction occurred in a matter of minutes. Because the police continued to use this confidential informant, appellant was not indicted until February 2, 1999, and the matter did not go to trial until September 29, 1999, almost thirty months after the sale. Thus, the identification of appellant was contested at trial.
The confidential informant conducted the crack-cocaine purchase under the direction of Detective Robert Pouska of the Ashtabula Police Department. A "pin-hole" video camera was placed in the truck driven by the confidential informant. He was also equipped with a body-wire which allowed Detective Pouska to monitor and record any transactions. On the evening in question, several "buys" were made. When the confidential informant first saw appellant, appellant was sitting in his car. He got appellant's attention by making hand signals and gestures that indicated he was looking for crack-cocaine. Appellant got out of his vehicle and approached the truck. The sale was made through the vehicle's window. Appellant was only briefly in view of the video camera recording the transaction.
Immediately after the transaction was complete, the confidential informant transmitted a description of appellant, appellant's vehicle, and the vehicle's license number to Detective Pouska by means of the body-wire. Within two minutes of the confidential informant leaving the area, Detective Pouska drove to the location of the sale in order to identify the seller. The detective spotted appellant's vehicle and drove by, observing appellant. The detective, who had served on the Ashtabula Police Department for twenty-three years, recognized appellant with whom he had been previously acquainted. At trial, Detective Pouska identified appellant as the person who made the sale. The confidential informant also identified appellant, but was only able to do so as a result of having reviewed the videotape. The jury was shown the videotape of the purchase, and it was entered into evidence.
Appellant's father, Gary Block, testified at trial. He testified that the person on the videotape was not his son, and identified several characteristics of the person on the tape that were inconsistent with characteristics of his son.
Mr. Block also testified that he has a hobby which involves doing a lot of digital recording. This was not his profession, and he was not qualified as an expert in the field, but his testimony revealed that he owned recording equipment, and that he used this equipment to "extensively" compare the audio cassette recording of the transaction with the video tape. Mr. Block testified that he listened to the audio cassette to find a "marker," then attempted to synchronize this marker with the videotape. He testified that when he did this and played the tapes to their finish, they did not end at the same time, that they did not mesh. The implication was that one or both of the tapes had been altered. He testified that he could hear the audio cassette tape being constantly stopped.
On cross-examination, Mr. Block testified that he did not have any formal technical training in recording technology. The prosecutor also pointed out that the videotape did not record sound and therefore queried as to whether it could be synchronized with the audio cassette. Mr. Block indicated that they could still be synchronized. He testified that the audio cassette ran for two minutes and seventeen seconds whereas the video ran for two minutes and twelve seconds. Both tape recordings were entered into evidence and available to the jury.
The jury found appellant guilty, and judgment and sentence were entered on December 6, 1999. From this judgment, appellant timely filed notice of appeal, assigning the following errors:
 "[1]. Appellant's conviction is not supported by the manifest weight of the evidence.
 "[2]. Appellant was deprived of effective assistance of counsel when his trial attorney used a witness as an expert on video and audio tape who did not have any specialized training experience in electronics."
 In his first assignment of error, appellant argues the finding of guilt was against the manifest weight of the evidence. Appellant argues that the confidential informant did not see appellant either clearly or for a long enough period to be able to identify him. Appellant points out that the confidential informant had no independent recollection of the incident, and could only identify appellant after reviewing the videotape of the incident. In contrast, appellant argues that the jury was presented with the testimony of appellant's father, Mr. Block, who testified, based on several specific characteristics, that the person on the videotape was not appellant.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) [t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) (Emphasis added.) * * *." State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 11, citing State v. Davis (1988), 49 Ohio App.3d 109, 113; See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 In its case in chief, the state presented the testimony of Detective Pouska, who monitored the transaction. After the completion of the transaction, the detective proceeded almost immediately to the location and positively identified appellant. The detective was familiar with appellant from previous dealings, and testified that he recognized appellant. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We cannot say that the jury clearly lost its way in reaching its conclusion. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues he was deprived of effective assistance of trial counsel. Specifically, he argues counsel used appellant's father as an expert on recording technology when, in fact, he was not an expert in this technology. Appellant argues that Mr. Block was exposed as a fraud and that this not only destroyed his credibility on the issue of whether the tapes were doctored, but also consequently damaged the credibility of his testimony that the individual on the videotape was not appellant. He argues that if there was a question as to the tapes, counsel should have called a qualified expert, and failure to do so constituted ineffective assistance of counsel.
To establish a claim for ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonable representation and that prejudice arises from counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. This is a two pronged analysis.
The first prong requires a showing that counsel's performance fell below an objective standard of reasonable representation. "In order to determine whether an attorney's performance was deficient, the trial court must inquire whether the attorney provided `reasonably effective assistance, considering all of the circumstances.'" State v. Laird
(Dec. 15, 2000), Portage App. No. 99-P-0069, unreported, at 5, quotingState v. Loza (1994), 71 Ohio St.3d 61, 83. A properly licensed attorney is presumed to be competent, and thus, judicial scrutiny of his or her performance must be highly deferential. Strickland v. Washington (1984),466 U.S. 668, 689. An attorney's strategic decisions and trial tactics will not support a claim of ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 48-49.
To demonstrate the second prong, prejudice, the defendant must demonstrate that there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.Bradley, supra, paragraph three of syllabus. "`A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"Id., at 142, quoting Strickland, supra, at 694.
Appellant cannot establish either prong of the Strickland analysis. Failure to call an expert witness is not a per se violation of counsel's duty to a client. See State v. Nicholas (1993), 66 Ohio St.3d 431. Since Mr. Block was not qualified as an expert, his testimony was given under the auspices of Evid.R. 701, opinion testimony by lay witnesses. His testimony was rationally based on his perceptions and helpful to a clear understanding of the determination of a fact in issue. Contrary to appellant's claim, he was not exposed as a fraud. It was merely pointed out that he had not received formal training in electronics technology. Yet his testimony was easily understandable, in that, to synchronize tapes, one need simply find a "marker" in one tape and match that to the other. He testified that an audiotape could be matched to a videotape which lacked audio and, although he did not state how, it may be inferred this might be done by matching the first word an individual speaks on audio with the first movement of his lips on video. Appellant's counsel thus raised an issue for the jury's consideration. It was the jury's province to weigh its merits. Both tapes were entered into evidence and provided to the jury for deliberation. Counsel's performance did not fall below an objective standard of reasonable representation.
Nor can appellant establish prejudice. As previously noted, appellant was identified by Detective Pouska. Given that, the videotape was cumulative evidence and not essential to the prosecution's case. The videotape could have exonerated appellant if the jury believed appellant was not the individual therein. Clearly, the jury reached an opposite conclusion. Appellant's second assignment of error is without merit.
The judgment of the trial court is affirmed.
CHRISTLEY, J., NADER, J., concur.