JOURNAL ENTRY AND OPINION
Appellant, Taurrean Swift, appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which found him delinquent and placed him in the custody of the Ohio Department of Youth Services. Appellant contends that the delinquency finding was not supported by sufficient evidence and was against the manifest weight of the evidence. He also contends that the prosecutor willfully suppressed from discovery statements made by appellant and appellant's co-defendant and, therefore, the trial court erred in admitting the statements at trial. Finding no error, we affirm.
On January 18, 2001, a delinquency complaint was filed in the Juvenile Court Division of the Cuyahoga County Common Pleas Court, charging appellant with robbery, in violation of R.C. 2911.02(A)(2), and felonious assault, in violation of R.C. 2903.11(A)(1). The State subsequently amended count two to attempted felonious assault, in violation of R.C.2923.02.
On March 19, 2001, the trial court held a hearing regarding the complaint. City of Cleveland police officer Michelle Rivera testified that, while off duty, as she and her husband were traveling east on Clark Avenue at approximately 9:25 p.m. on January 17, 2001, she saw three males standing in a parking lot. Rivera testified that she then saw one male, who she later learned was David Lynch, punch the victim, who then fell to the ground. Rivera testified that Lynch then kicked the victim as he lay on the ground. According to Rivera, appellant was looking around "really nervously" while Lynch punched and kicked the victim, acting as a lookout for him.
Rivera testified that as she and her husband pulled their car into the driveway of the parking lot, she observed appellant with his hand in the victim's pants pocket. Rivera could not see if appellant removed anything from the victim's pocket but testified that in light of her five years of experience with the police department, it was apparent that appellant was attempting to rob the victim.
As Rivera and her husband pulled into the driveway, Lynch and appellant "took off running down the street." Rivera got out of her car to assist the victim, who was lying in the street moaning and clutching his stomach.
As Rivera called 911 on her cell phone, Lynch and appellant returned to the scene and casually asked her what was going on. When Lynch and appellant heard Rivera request police backup on her cell phone, they again ran from the scene. They were subsequently apprehended and brought back to the scene, where Rivera identified them as the perpetrators. According to Rivera, appellant was wearing khaki pants and a Cleveland Browns jersey with the number "85" on it.
On cross-examination, Rivera testified that as she and her husband were pulling their car into the driveway, she saw appellant kick the victim as he lay on the ground.
City of Cleveland police officer David Shapiro testified that on the evening of January 17, 2001, he was assigned to basic patrol on Clark Avenue. According to Shapiro, at approximately 8:00 p.m., he responded to a complaint regarding a suspicious male attempting to break into cars at 3315 Clark Avenue. Shapiro testified that appellant was apprehended in the area. According to Shapiro, he spoke with appellant for approximately twenty minutes and then told him to "get on the next bus and get out of here." Shapiro testified that appellant was wearing khaki pants and a Cleveland Browns jersey with the number "85" on it.
Shapiro testified that when he subsequently heard a radio call requesting backup for Rivera at 3315 Clark Avenue, he recognized the address as the same address he had responded to earlier in the evening. As Shapiro and his partner approached the area in their zone car, he observed Lynch and appellant running away. Shapiro gave chase and subsequently found Lynch and appellant hiding in the bushes.
Shapiro testified that he later met with the victim at the hospital, who told him that he was missing $100, his Puerto Rican identification card and his wallet.
Shapiro also testified that Lynch and appellant were put in adjoining holding cells at the police station. While Shapiro was talking to appellant, Lynch yelled out, "I did it all. Don't admit to anything. It was all on me." Shapiro testified that appellant told him his name, address and parent's name and told him that he was hiding in the bushes because he was scared.
On cross-examination, Shapiro admitted that he did not recall whether or not Rivera told him that appellant had kicked the victim. He testified that if Rivera had told him that appellant had kicked the victim he would have included that detail in his police report and admitted there was nothing in his report regarding appellant kicking the victim in the report. Shapiro also testified that Rivera told him that Lynch went through the victim's pockets but that he did not recall her telling him that appellant did so.
On March 27, 2001, the trial court entered an order amending count one to complicity to commit robbery and amending count two to complicity to commit attempted felonious assault. The trial court then found appellant delinquent regarding both counts and ordered him committed to the custody of the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed appellant's twenty-first birthday.
Appellant timely appealed, raising three assignments of error for our review:
 I. MASTER SWIFT'S DELINQUENT ADJUDICATIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE CONSTITUTION.
 II. THE CONVICTION AGAINST TAURREAN SWIFT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS NOT SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.
 III. THE TRIAL COURT ERRED WHEN IT ALLOWED AN INCRIMINATING STATEMENT THAT WAS WILLFULLY SUPPRESSED BY THE PROSECUTOR TO BE ADMITTED AT TRIAL AND THE PROSECUTING ATTORNEY VIOLATED MASTER SWIFT'S CONSTITUTIONAL RIGHTS UNDER ARTICLE ONE, SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE PROSECUTOR FAILED TO DISCLOSE THAT INCRIMINATING ORAL STATEMENTS WERE MADE TO THE POLICE.
In his first assignment of error, appellant challenges the sufficiency of the evidence to support his convictions.
A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins (1997), 78 Ohio St.3d 380. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2911.02(A)(2) defines the offense of robbery:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
R.C. 2923.03(A)(2) defines the offense of complicity:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
* * *
(2) Aid or abet another in committing the offense.
Viewing the evidence adduced at trial in a light most favorable to the prosecution, it is apparent that the trial court could have found that appellant acted with complicity to commit robbery. Rivera testified that she observed appellant acting as a lookout while Lynch punched and kicked the victim. She testified further that she saw appellant kick the victim while he lay on the ground and then saw appellant with his hand in the victim's pants pockets. According to Rivera, in light of her five years of police work, it was apparent that appellant was trying to rob the victim. This evidence was sufficient to demonstrate that appellant aided and abetted Lynch in his robbery of the victim.
The evidence was also sufficient to demonstrate that appellant acted with complicity to commit attempted felonious assault. R.C. 2903.11(A)(1) provides that "no person shall knowingly cause serious physical harm to another * * *." R.C. 2923.02(A) (the attempt statute) provides that "no person, purposely or knowingly, * * * shall engage in conduct that, if successful, would constitute or result in the offense." As noted above, the complicity statute provides that no person shall aid or abet another in committing the offense.
Rivera testified that appellant acted as a lookout while Lynch punched and kicked the victim. Rivera also testified that she saw appellant kick the victim as he lay on the ground. Thus, contrary to appellant's assertion, the state offered sufficient evidence that appellant assisted Lynch in his attempt to cause serious physical harm to the victim.
It is apparent that the state met its burden of production regarding each element of the crimes of complicity to commit robbery and complicity to commit attempted felonious assault. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that his convictions were against the manifest weight of the evidence.
When reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
After reviewing the entire record, weighing the evidence and considering the credibility of the witnesses, we are not persuaded that the trial court clearly lost its way and created such a manifest miscarriage of justice that appellant's convictions must be reversed. Rather, as set forth in our analysis of appellant's first assignment of error, the record reveals substantial evidence from which the trial court could have concluded, beyond a reasonable doubt, that appellant was guilty of both complicity to commit robbery and complicity to commit attempted felonious assault.
Appellant's second assignment of error is overruled.
In his third assignment of error, appellant asserts that the State violated Juv.R. 24 by willfully withholding from discovery oral statements made to the police by appellant and Lynch and, therefore, the trial court erred in admitting the statements at trial.
Juv.R. 24 governs discovery requests in juvenile cases and provides in part:
 (A) Upon written request, each party of whom discovery is requested shall forthwith produce for inspection, copying or photographing the following information, documents and material in his custody, control or possession:
 (3) Transcripts, recordings and summaries of any oral statements of any party or witness, except the work product of counsel; * * * (Emphasis added).
The trial court is granted discretion in determining the sanction to be imposed for a party's non-disclosure of discoverable material. Pursuant to Juv.R. 24(C):
 If at any time during the course of the proceedings it is brought to the attention of the court that a person has failed to comply with an order issued pursuant to this rule, the court may grant a continuance, prohibit the person from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
Discovery violations in delinquency proceedings are analyzed consistent with Crim.R. 16.[1] State v. Lee (Feb. 10, 1983), Cuyahoga App. No. 44902, unreported. Where a prosecutor violates Crim.R. 16 by failing to properly disclose evidence, a trial court does not abuse its discretion in admitting non-disclosed evidence where the record fails to disclose 1) a willful violation of the rule, 2) that foreknowledge would have benefitted the accused in the preparation of his or her defense, or 3) that the accused was unfairly prejudiced. State v. Otte (1996),74 Ohio St.3d 555; State v. Parson (1983), 6 Ohio St.3d 442.
Significantly, the record in this case does not contain any written discovery request by defense counsel. Because both Juv.R. 24 and Crim.R. 16 condition the obligation to produce information upon a party's written request, it is apparent that in the absence of a written discovery request by defense counsel, the State did not violate Juv.R. 24 or Crim.R. 16.
Moreover, we note that defense counsel objected at trial only to the admission of Lynch's statement. The record reflects the following colloquy:
PROSECUTOR: What did Mr. Lynch yell?
 SHAPIRO: He said, I did it all. Don't admit to anything. It was all on me.
 PROSECUTOR: Could you see both the defendants at this point?
SHAPIRO: Yes.
 PROSECUTOR: Who was he talking to? Was he talking to you?
 SHAPIRO: I don't know, honestly. It could have been me. It could have been Mr. Swift. It could have been the jailers, for all I know. I don't know.
 PROSECUTOR: Okay. Did Mr. Swift make any statement to you at all? At all? His name? His address?
 SHAPIRO: Well, sure. He told me his name and address and his parent's name. Other than that, I don't remember.
 PROSECUTOR: Did he ever explain to you why he'd be hiding in the bushes?
 SHAPIRO: He said — he said something — he was scared. I said, what are you scared of? I'm the police. I was just scared.
 PROSECUTOR: I have no further questions, Your Honor.
THE COURT: Mr. Kellon?
 MR. KELLON: All right. Your Honor, at this time, I move that you declare a mistrial. The prosecution has elicited a hearsay statement from a co-defendant,
implicating my client for a crime in this case. And I have not had an opportunity — I did not receive any statements from the co-defendant in this matter. And I believe, under the hearsay rules, the statement of a co-defendant is not allowed to be used — introduced in testimony against the defendant in this case. And I ask that you declare a mistrial in this case.
After the trial court denied defense counsel's motion for a mistrial, defense counsel reiterated his objection to Shapiro's testimony:
 The fact of the matter is, the police officer testified that the co-defendant made a statement,
and I was not made aware of that statement. And under the evidence rules, I have a right to be appraised of any statements from any co-defendants in this case. (Emphasis added).
The record is therefore very clear that defense counsel did not raise any objection in the trial court to Shapiro's testimony regarding appellant's statement. Appellant's failure to object to this evidence at trial waived all but plain error on appeal. State v. Hartman (2001),93 Ohio St.3d 274. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Nicholas (1993), 66 Ohio St.3d 431, 436, quotingState v. Moreland (1990), 50 Ohio St.3d 58, 62.
Shapiro testified that appellant told him his name, address and his parent's name and stated that he was hiding in the bushes because he was scared. Clearly, there was nothing incriminating about appellant's statement and its admission did not change the outcome of the trial nor constitute plain error.
With respect to Lynch's statement, the record readily refutes appellant's spurious contention that the prosecutor "chose to conceal [Lynch's] statement until the day of trial." The record reflects that the prosecutor informed defense counsel of Lynch's statement well before trial:
 I did conduct a pre-trial in this matter, and I did read the police report to defense counsel. And I will read from that police report to clarify this matter. This is page 7 of 7. Arrested male number one, — that, by the way, refers to this absent co-defendant — stated he did it all. And that, my dudes, — in parentheses, written by the officer — Swift, had nothing to do with it. That was essentially what was elicited on testimony that was made known to Mr. Kellon at pre-trial.
Significantly, upon questioning by the trial court, defense counsel did not deny that the prosecutor read Lynch's statement to him during a pre-trial conference — he merely stated that he did not recall the prosecutor doing so. In light of this portion of the record, which appellant curiously fails to mention, it is apparent that the State did not withhold Lynch's statement from defense counsel.
Moreover, even assuming for the sake of argument that there was a discovery violation, the record does not demonstrate that the court abused its discretion in admitting Shapiro's testimony regarding Lynch's statement. There is no evidence that the State's discovery violation was willful. Second, appellant has not demonstrated, or even alleged, how foreknowledge of the alleged non-disclosed statement would have benefitted him in the preparation of his defense — most likely because Lynch's statement did not incriminate appellant in any way: in his statement, Lynch took full responsibility for the attempted assault and robbery. Accordingly, it is readily apparent that prior knowledge of the statement would not have benefitted the defense nor changed the outcome of the trial.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Crim.R. 16 provides, in part, that "upon written request each party shall forthwith provide the discovery herein allowed."