OPINION
Jerry Denham is appealing the judgment of the Greene County Common Pleas Court which sentenced him to 54 months of incarceration.
On October 16, 1996, Mr. Denham was indicted on one count of violating R.C. 2923.24(A), possession of criminal tools; two counts of violating R.C. 2925.23(B)(2), illegal processing of drug documents involving uncompleted preprinted prescription blanks; and three counts of violating R.C. 2925.23(B)(1), illegal processing of drug documents involving false or forged prescriptions. On December 13, 1996, Mr. Denham pled guilty to the above charges.[1] Mr. Denham received community control on these charges. However, he violated probation, and his probation was revoked. Mr. Denham was then sentenced to nine month sentences on each of the six charges to be served consecutively. Mr. Denham appealed the trial court's sentence and the sentence was reversed and remanded because the trial court had failed to make the necessary findings.
At the re-sentencing hearing on remand, Mr. Denham raised for the first time the issue of allied offenses of similar import. Mr. Denham argued that the trial court should not sentence him to consecutive sentences on the six counts because they were allied offenses of similar import. At the hearing, the State referred to a conference in the judge's chambers and stated that the facts revealed in discovery support that the trial court had discretion to sentence Mr. Denham separately on the six counts. The State did not state specifically which facts supported separate sentences for the six counts. The only facts in the record are those provided by the State at the plea hearing. At the plea hearing, the State read the charges from the indictment and said that through investigation by the Greene County Drug Task Force it was revealed that Mr. Denham "was making prescriptions out of phony and fraudulent prescription forms, subsequently passing those off at local pharmacies." The trial court then sentenced Mr. Denham to six consecutive nine month sentences. Mr. Denham has filed this appeal.
Mr. Denham raises the following sole assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT SENTENCED THE APPELLANT TO SIX CONSECUTIVE SENTENCES IN VIOLATION OF ORC 2941.25 AS THE CONDUCT BY THE DEFENDANT AS CHARGED CONSTITUTE TWO OR MORE ALLIED OFFENSES OF SIMILAR IMPORT."
Mr. Denham argues that his conviction for possession of criminal tools and illegal processing of drug documents are allied offenses of similar import and, therefore, the trial court erred in sentencing him to consecutive sentences on the six charges. We are unable to make a determination on this issue based on the limited factual record.
R.C. 2941.25 provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
A defendant's failure to object to convictions or sentencing at trial results in a waiver of an allied offense claim on appeal absent plain error. State v. Comen (1990), 50 Ohio St.3d 206, 211; State v. Brown
(1993), 90 Ohio App.3d 674; State v. Hipple (May 21, 1999), Miami App. No. 98CA49; State v. Burch (Sept. 29, 1995), Montgomery App. No. 14488. An appellate court has discretion to notice plain error. State v.Wickline (1990), 50 Ohio St.3d 114, 120. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have been different. State v. Long (1978), 53 Ohio St.2d 91, 97.
The Ohio Supreme Court explained the analysis for determining whether multiple crimes constitute allied offenses of similar import:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." State v. Nicholas
(1993), 66 Ohio St.3d 431, 434 quoting State v. Blankenship (1988), 38 Ohio St.3d 116, 117.
The Court clarified this to say that "under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." State v. Rance,85 Ohio St.3d 632, 633, 1999-Ohio-291. If an appellate court cannot determine from the facts in the record if the offenses are allied offenses of similar import and if so, whether they were committed with a separate animus as to each offense, the appellate court should remand the case to the trial court for a determination of the issue. State v.Latson (1999), 133 Ohio App.3d 475.
R.C. 2923.24(A), the statute prohibiting the possession of criminal tools, provides, "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Illegal processing of drug documents in R.C.2925.23(B)(1) states, "No person shall intentionally make, utter, or sell, or knowingly possess any of the following that is a false or forged * * * prescription." Similarly, R.C. 2925.23(B)(2) states "No person shall intentionally make, utter, or sell, or knowingly possess any of the following that is a false or forged * * * uncompleted preprinted prescription blank used for writing a prescription."
The State argues that Mr. Denham's claim of allied offenses of similar import should not be considered because he waived the issue by not raising it when he was convicted and in his first appeal of his sentence. We agree that Mr. Denham should have raised the issue of allied offenses of similar import before the trial court convicted him of the multiple charges or sentenced him originally. Additionally, Mr. Denham should have raised the issue of allied offenses of similar import during his first appeal of the trial court's decision. Therefore, Mr. Denham has waived all but plain error in this appeal on the issue of allied offenses of similar import.
Thus, we will only address Mr. Denham's claim of allied offenses of similar import if the outcome of the trial court would be different if the convictions were allied offenses of similar import and barred by R.C. 2941.25. Mr. Denham was convicted of six separate offenses and sentenced to consecutive sentences of nine months on each of the convictions. If Mr. Denham's allegation is correct and his six convictions were allied offenses of similar import, he could not be sentenced to consecutive sentences on each of the offenses. Therefore, Mr. Denham's sentence could be greatly reduced. As a result, we must find that if Mr. Denham's six convictions are allied offenses of similar import and barred by R.C. 2941.25, then the trial court committed plain error in sentencing Mr. Denham to six consecutive sentences. Thus, we must determine whether Mr. Denham's convictions and sentence are barred by R.C. 2941.25.
When one examines the three statutes involved in this case, R.C. 2923.24, R.C. 2925.23(B)(1), and R.C. 2925.23 (B)(2), in the abstract, the statutes are not allied offenses of similar import. The crime of possession of criminal tools could certainly be accomplished without possessing a false or forged prescription or uncompleted preprinted prescription blank. Likewise, one could possess or sell a false or forged prescription or uncompleted preprinted prescription blank without possessing a device with purpose to use it criminally. Moreover, one could make, utter, sell or knowingly possess a false or forged prescription without possessing a preprinted prescription blank. Therefore, when these statutes are compared in the abstract, we find that each statutory violation could be committed without automatically violating one of the other statutes. Thus, we do not find that the statute violations are allied offenses of similar import. Therefore, at least one count of each of Mr. Denham's convictions and sentences under each of the statutes are not barred by R.C. 2941.25.
As for the multiple counts of R.C. 2925.23(B)(1) and (2), Mr. Denham alleges that they are allied offenses of similar import and he should not have been sentenced to consecutive sentences on these. Mr. Denham argues that he was simply in possession of five uncompleted preprinted prescription blanks and that the trial court should have only convicted him and sentenced him to one count of a violation of R.C. 2925.23(B)(2). However, the facts entered into the record at the plea hearing support that Mr. Denham had at least been "making prescriptions out of phony and fraudulent prescription forms" and attempting to use them at various local pharmacies. Therefore, the facts underlying the R.C. 2925.23(B)(1) and (2) charges amounted to more than the mere possession of five uncompleted preprinted prescription blanks.
The State argues that Mr. Denham possessed a separate animus to each of the R.C. 2925.23(B) offenses. The State asserts in its appellate brief that Mr. Denham passed forged prescriptions at various pharmacies on various dates and that Mr. Denham's conduct and statements demonstrate that he intended to forge the blank documents. Thus, the State asserts Mr. Denham had a separate animus to each offense. However, the facts and statements the State refers to are not in the record. We are unable to determine from the sparse factual record whether the R.C. 2925.23(B) violations were committed separately or if each had a separate animus. Therefore, we must remand this to the trial court to hold a hearing for a determination of whether the multiple counts of R.C. 2925.23(B)(1) and (2) were committed separately or with a separate animus to each offense. See State v. Hartwell (Dec. 13, 1989), Montgomery App. No. 11422. Mr. Denham's assignment of error is sustained.
The judgment of the trial court is reversed and remanded for a determination consistent with this opinion.
FAIN, J. and GRADY, J., concur.
[1] The transcript of the plea hearing reflects that Mr. Denham pled guilty to one count of violating R.C. 2923.24(A), two counts of violating R.C. 2925.23(B)(2), and three counts of violating R.C. 2925.23(B)(1). However, the trial court's judgment entry memorializing the guilty plea states that Mr. Denham pled guilty to one count of violating R.C.2923.24(A) and five counts of violating R.C. 2925.23(B)(2). This error is repeated in the original sentencing hearing and entry and the re-sentencing hearing and entry on remand. This is apparently a scrivener's error and the State claims in its appellate brief to have filed a motion with the trial court to correct the entries.