JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nathan Batiste appeals his conviction and sexual predator classification. Finding no error in the proceedings below, we affirm.
 {¶ 2} Batiste was charged with rape, kidnapping, aggravated burglary, intimidation, and two counts of gross sexual imposition. These charges arose out of two incidents, one in July 2004 and the other in November 2004. The case proceeded to jury trial. At trial, the victim testified that she was 13 years old, and in July 2004, Batiste touched her on the buttocks twice when she was outside playing.
 {¶ 3} The victim also testified that on the evening of November 19, 2004, she was home with her two younger brothers, who were upstairs sleeping. Batiste knocked on the victim's door; when the victim answered, Batiste had the screen door open and asked for her aunt. The victim told him several times that her aunt was next door. Batiste grabbed the victim by the arm and yanked her back and forth. The victim was pushing Batiste and telling him to leave. He pushed her through the kitchen and into the living room.
 {¶ 4} Batiste pushed the victim onto the couch. While holding the victim with his right hand, Batiste tried to pull her pants down with his left hand. The victim told Batiste to get off of her and tried to pull her pants up. Batiste pulled the victim's pants and underpants down to her knees. He pulled his pants down, got on top of the victim, and had intercourse with her. The victim asked Batiste how old he thought she was, and he said 18. The victim told him she was 13 and that she did not want to do it and to get off of her. Batiste kept having sex with her; then he pulled up his pants and left.
 {¶ 5} While leaving, Batiste hit the wall and told her not to tell anyone because he "kill n____s." The victim did not tell anyone because she was afraid.
 {¶ 6} Several weeks after the incident, the victim's cousin listened in on a phone conversation between her boyfriend and Batiste. In the conversation, Batiste was asked what "went down" with him and the victim. Batiste responded, "well, yeah, I f____ed that ho." The victim's cousin told the victim's mother.
 {¶ 7} The victim was taken to University Hospital, where the victim told a doctor and social worker what happened to her. The police were called, and a report was made. The victim made a statement to the detective in charge.
 {¶ 8} After the incident, Batiste kept coming around. He made gestures with his hands and licked his lips. The victim was afraid he wanted to do it again.
 {¶ 9} Batiste was found not guilty of rape, but guilty of the inferior offense of unlawful sexual conduct, as well as intimidation. He was found not guilty of both counts of gross sexual imposition. The trial court declared a mistrial as to the kidnapping and aggravated burglary charges. Subsequently, Batiste entered a plea of guilt to an amended charge of burglary and the state dismissed the kidnapping charge.
 {¶ 10} After a H.B. 180 hearing, the court found Batiste to be a sexual predator. Batiste was sentenced to a total of four years in prison.
 {¶ 11} Batiste appeals, advancing three assignments of error for our review. For the sake of clarity, the assignments of error will be addressed out of order.
 {¶ 12} Batiste's third assignment of error states the following:
 {¶ 13} "Appellant was denied a fair trial and due process of law when the jury was permitted to hear references to appellant's prior criminal record and incarceration."
 {¶ 14} Batiste complains that he was denied a fair trial because the jury heard references to his previous incarceration and criminal record. Batiste complains about two separate instances.
 {¶ 15} In the first instance, the court allowed the jurors to ask the witnesses questions without prior review by the attorneys. One witness was asked, "Why are you saying everybody was afraid of Nate?" The witness responded that it was because he had just gotten out of jail. The defense objected. The trial court struck the answer and instructed the jury to disregard the testimony.
 {¶ 16} A jury is presumed to follow instructions, including curative instructions, given to it by a trial judge. State v.Elko, Cuyahoga App. No. 83641, 2004-Ohio-5209; see, also, Statev. Hardwick, Cuyahoga App. No. 79701, 2002-Ohio-496. Batiste has failed to show how he suffered any material prejudice in light of the curative instruction provided by the trial court.
 {¶ 17} In the second instance, the detective testified that he obtained Batiste's address by conducting a computerized criminal history check. The defense did not object.
 {¶ 18} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error exists only when, but for the error, the outcome of the trial would clearly have been otherwise. State v. Nicholas (1993),66 Ohio St.3d 431, 436.
 {¶ 19} We cannot say that had this statement been excluded, the outcome of the trial would clearly have been different. Therefore, Batiste's third assignment of error is overruled.
 {¶ 20} Batiste's first assignment of error states the following:
 {¶ 21} "The verdict was against the manifest weight of the evidence."
 {¶ 22} Under this assignment of error, Batiste argues that the jury clearly lost its way when it convicted Batiste of unlawful sexual conduct with a minor. Batiste argues that the evidence presented as to Batiste's knowledge of the victim's age was weak and conflicting.
 {¶ 23} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 24} Unlawful sexual conduct with a minor is defined in R.C. 2907.04, which states in pertinent part:
"(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 25} The testimony at trial revealed that Batiste was told the age of the victim on three occasions. In July 2004, Batiste patted the victim on the buttocks at least two times. Afterwards, the victim's aunt told Batiste not to touch the victim because she was only 13 years old. Then again in July 2004, Batiste was told by the victim's mother that the victim was only 13 years old. Batiste stated that he was not interested in her, and he knew how old she was. Finally, the night of the incident the victim told Batiste she was only 13. We find that there is substantial evidence upon which a jury could reasonably conclude that Batiste knew the victim was 13 years of age or was reckless in that regard. His conviction is not against the manifest weight of the evidence. Accordingly, Batiste's first assignment of error is overruled.
 {¶ 26} Batiste's second assignment of error states the following:
 {¶ 27} "The trial court erred in finding the appellant to be a sexual predator pursuant to the Ohio Revised Code Section 2950.09."
 {¶ 28} In order for an offender to be classified a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 29} When determining whether a defendant is likely to engage in future sexually oriented offenses, the trial court, pursuant to R.C. 2950.09(B)(3), must consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C.2950.09(B)(3) (formerly 2950.09(B)(2)).
 {¶ 30} With respect to these factors, the Supreme Court of Ohio has stated that these factors serve as "guidelines" to assist judges in determining whether a defendant who committed a sexually oriented offense is a sexual predator. State v.Thompson, 92 Ohio St.3d 584, 587, 2001-Ohio-1288. Further, these guidelines do not control a judge's discretion, but rather, a judge is required to "consider all relevant factors" including, but not limited to, those listed in R.C. 2950.09(B)(3). Id. The statute does not direct the court on what weight, if any, a judge must assign to each factor. Id. at 588. As the Supreme Court of Ohio reasoned, "[s]uch an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case." Id. Accordingly, "`the trial court should consider the statutory factors listed in [R.C.2950.09(B)(3)], and should discuss on the record the particularevidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.'" Id., quoting Eppinger, 91 Ohio St.3d at 166. (Emphasis added.)
 {¶ 31} In this case, the record reflects that the court considered all of the R.C. 2950.09(B)(3) factors prior to making its decision. Each factor was discussed on the record and how it applied or did not apply to Batiste. Among the factors discussed on the record were Batiste's age, the victim's age, his prior criminal record, including prior sex offenses against a five-year-old, the nature of the offender's sexual conduct with the victim and the force and threats used against her, Batiste's lack of rehabilitation, and Batiste's lack of candor with the psychiatric clinic and the probation officer. Also submitted to the court for consideration were copies of his competency evaluation and his sanity evaluation.
 {¶ 32} The court discussed in detail the particular evidence and factors upon which it relied in making its determination that Batiste is a sexual predator. Upon the record before us, we find the trial court's determination was supported by clear and convincing evidence, and it did not err in labeling Batiste a sexual predator. Batiste's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., Concur.