[Cite as *State v. Craig*, 2022-Ohio-2976.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No.  WD-21-086

        Appellee                                Trial Court No.  2018-CR-0437

v.

Harold Jason Craig                            **DECISION AND JUDGMENT**

        Appellant                              Decided:  August 26, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Harold Jason Craig, Pro se.

* * * * *

**PIETRYKOWSKI, J**.

{¶ 1} Defendant-appellant, Harold Jason Craig, pro se, appeals the November 15, 2021 judgment of the Wood County Court of Common Pleas which denied his petition to vacate or set aside judgment of conviction.  Because we find that the trial court did not abuse its discretion, we affirm.

## I. Facts and Procedural Background

{¶ 2} On September 20, 2018, appellant was indicted on six counts including engaging in a pattern of corrupt activity, a first degree felony, aggravated theft, a third degree felony, and four counts of money laundering, third degree felonies. The charges all stemmed from his tenure as treasurer of the Perrysburg Heights Community Association (PHCA), a nonprofit organization. The alleged criminal activity spanned August 2012 through December 2015, and involved a sum in excess of $200,000. The state's theory in the case was that appellant, largely under the guise of a fundraiser involving the sale of ViSalus nutritional supplements, retained commissions earmarked for the organization for personal use. Appellant also used PHCA funds, deposited in various personal accounts, to fund the purchase of "investment properties" of which he claimed the profits would go back to the organization. The purchases were not authorized and the organization received no benefit.

{¶ 3} On the first day of the jury trial, the state dismissed one of the money laundering counts. The key financial evidence presented at trial was given by Douglas Kinder, an investigator with the Wood County Prosecutor's office. Kinder testified as to all the relevant bank accounts and records and prepared a report summarizing his findings. Kinder noted that the balances represented by appellant did not line up with the bank documents leading him to conclude that appellant had been untruthful with the

2.

PHCA board members. Kinder stated that $238,360.31 of PHCA's monies were uncounted for. Following trial, appellant was found guilty of all remaining counts.

{¶ 4} At the sentencing hearing, the court found that the engaging in a pattern of corrupt activity and aggravated theft counts were subject to merger as well as the money laundering counts. The state elected to sentencing on the engaging in a pattern of corrupt activity and money laundering counts. On April 3, 2020, appellant was sentenced to a concurrent sentence totaling seven years.

{¶ 5} Appellant then commenced an appeal to this court. Appellant raised six assignments of error including four relating to sufficiency and manifest weight of the evidence. Appellant also argued ineffective assistance of counsel, prosecutorial misconduct, and plain error relating to the court's acceptance of a stipulation as to the accuracy of the total sums at issue. *State v. Craig*, 2021-Ohio-2790, 176 N.E.3d 395 (6th. Dist.), *appeal not accepted*, 165 Ohio St.3d 1541, 2022-Ohio-397, 180 N.E.3d 1174. The court affirmed appellant's convictions for aggravated theft and engaging in a pattern of corrupt activity. As to the convictions for money laundering, we concluded that the state failed to sufficiently prove the element that appellant conducted the illegal transactions with the purpose of furthering the corrupt activity and reversed and vacated those convictions. *Id.* at ¶ 106. Finally, we rejected the ineffective assistance of counsel and prosecutorial misconduct claims.

3.

{¶ 6} On June 3, 2021, appellant filed a petition to vacate or set aside judgment of conviction or sentence in the trial court raising five claims which are reflected in the assignments of error below. In support of his claims, appellant attached several affidavits from appellant and individuals with varying involvement with the PHCA and an accountant who appellant had review certain accounts. Appellant also attached various email communications with counsel. The state opposed the motion.

{¶ 7} On November 15, 2021, the trial court denied appellant's petition. Addressing his claims for ineffective assistance of counsel, the court first concluded that his claim regarding counsel's failure to obtain evidence and interview and subpoena witnesses was barred by the doctrine of res judicata. The court further noted that, even assuming that the claims were not barred, appellant failed to demonstrate specifically how he was prejudiced.

{¶ 8} Next, as to the claim that trial counsel was ineffective by failing to hire a forensic accountant the court concluded that because appellant averred that he was misled as to the existence of the expert, the claim was not barred. Reviewing the evidence presented in support, the court concluded that the affidavit of accountant Elizabeth Zarycki failed to provide evidentiary support as she did not provide any argument or analysis of the documents.

{¶ 9} Appellant's third claim of ineffective assistance of counsel was based on counsel's failure to request a mistrial upon learning that the trial judge conducted an

4.

internet search of copper penny recycling after learning that it was one of appellant's fundraisers. Because there was no evidence or allegation of prejudice, the claim was rejected.

{¶ 10} The court then addressed appellant's claim that he was denied his Sixth Amendment right to confront his accusers because the state failed to offer the testimony of any victims of the alleged crimes, i.e. ViSalus commission recipients. First, the court noted that the claim was barred by res judicata. Alternatively, the court concluded that appellant failed to establish substantive grounds for relief. Specifically, the victim in the case was portrayed throughout the proceedings as the PHCA, not the individuals who participated in the fundraiser. The court further discounted the affidavits attached in support as either lacking in credibility or contradicting prior trial testimony.

{¶ 11} Appellant's final claim included several prosecutorial misconduct allegations that the court deemed were barred by res judicata or, in any event, concluded that appellant failed to provide sufficient operative facts demonstrating that he was deprived of a fair trial. Appellant then commenced this appeal.

## II. Assignments of Error

1. Trial counsel failed to investigate discovery, interview witnesses, and subpoena witnesses thus failing to provide competent and effective assistance of counsel in violation of the defendants Ohio and US rights to effective counsel.

2. Trial counsel failed to hire an approved forensic accountant to for the indigent defendant. Counsel intentionally lied to the defendant about securing this expert and not providing any update that this even occurred. This is a violation of several Ohio Professional Code of Conduct.

3. Defendant was deprived his right to confront his accusers. Due to the state providing no accusers for the defendant to question Craig was unable to confront them. The origination of these charges are from Mr. Kinder with no cooperation (or even knowledge from many) by anyone he alleges is a victim.

4. Trial Counsel failed to request a mistrial based on trial court investigating Mr. Craig case information.

5. Prosecutor's and Kinder intentionally left out exculpatory evidence at trial. Kinder testified on behalf of the PHCA and the commission holders without their consent, failing to provide the actual documents he states he used in his investigation.[1]

### III. Discussion

{¶ 12} The postconviction statute, R.C. 2953.21, provides, in part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief

---

[1] Our discussion of appellant's assignments of error will be grouped by subject.

relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

* * *

(b) A petitioner under division (A)(1)(a) of this section may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 13} The purpose of the postconviction proceeding is to review constitutional issues that could not have otherwise been reviewed because they were not included in the record of the trial court proceedings. It is not an opportunity to retry the merits in a criminal case. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32. The doctrine of res judicata prevents an appellant from asserting issues in postconviction proceedings that were raised or could have been raised on direct appeal. *State v. Pitts*, 6th Dist. Lucas No. L-10-1236, 2011-Ohio-2081, ¶ 10-13, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). Further, the trial court may dismiss a petition for postconviction relief without conducting an evidentiary hearing

7.

where the appellant fails to provide sufficient operative facts demonstrating a right to relief. *State v. Pheils*, 6th Dist. Wood No. WD-13-050, 2014-Ohio-1454, ¶ 17, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

{¶ 14} We note that an appellate court reviews a ruling on a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. An abuse of discretion is found where a trial court's attitude in reaching its judgment is found to be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*A. Ineffective assistance of trial counsel*

{¶ 15} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988). Specifically, an appellant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense such that, absent the deficient representation, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 16} Appellant's first assignment of error argues that his trial counsel was ineffective when he failed to conduct discovery, and interview and subpoena witnesses. In appellant's direct appeal, he similarly argued that counsel was ineffective by failing to

8.

"adequately investigate his case or secure exculpatory witnesses." *Craig*, 2021-Ohio-2790, 176 N.E.3d 395, at ¶ 130. Thus, because the issue was previously raised and rejected by the court it is barred by res judicata. The addition of affidavits from purported exculpatory witnesses further fails to provide substantive grounds for relief.

{¶ 17} Such affidavits include the affidavit of Steven Kramer, former PHCA trustee, which essentially acts as a statement of appellant's character. Kramer also indicates that he was never subpoenaed for trial. Kramer was, in fact, issued a subpoena at his home address and his absence from trial was the subject of appellant's motion for a new trial. Kramer did send a letter to the court which was received on March 6, 2020, and closely mirrors his subsequent affidavit though not mentioning failing to receive a subpoena or a willingness to testify. At the March 27, 2020 hearing on the motion, counsel explained his attempts to secure Kramer's testimony including having him testify remotely as he was in Florida on the date of trial. According to counsel, Kramer refused to cooperate. The motion was denied and the matter proceeded to sentencing.

{¶ 18} As to the joint affidavit of Paul and Teresa Martinez, it is apparent that the pair did not have any specific information regarding the charges against appellant but would have testified regarding the volatile nature of the board and the financial status of the PHCA.

{¶ 19} Jesse Speer also provided an affidavit. In 2012, she became involved with the PHCA as a renter of the facility for an adult basketball league. Appellant also rented

9.

a condo from Speer. Speer admitted that she never reached out to defend appellant because she "had no proof to show either way."

{¶ 20} Based on the foregoing, the issue of the presentation of witnesses is barred by res judicata and, alternately, the affidavits presented in support were chiefly character statements and provided no substantive grounds for relief. Appellant's first assignment of error is not well-taken.

{¶ 21} In his second assignment of error, appellant contends that trial counsel was ineffective because he failed to hire a forensic accountant and misrepresented that one was secured. Again, the issue of the retention and subpoenaing of an expert could have been raised on direct appeal and is, thus, barred by res judicata. As to the affidavit and spreadsheets prepared by accountant Elizabeth Zarycki and attached to the petition, we note that she simply summarized account totals and amounts being spent in various categories. Zarycki did not provide any independent analysis or opinion. Regardless, "alternate or supplementary theories from expert witnesses, which are presented in postconviction proceedings, are not sufficient to establish ineffective assistance of counsel and overcome the application of res judicata." *State v. Smith*, 4th Dist. Ross No. 09CA3128, 2011-Ohio-664, ¶ 31; *State v. Costell*, 3d Dist. Union No. 14-21-02, 2021-Ohio-4363, ¶ 38. Finally, appellant has provided no clear evidence of a purposeful intent by trial counsel to mislead him in his belief that an expert witness would be testifying on his behalf. A trial attorney's failure in calling an expert witness is not ineffective

10.

assistance of counsel. *Costell* at ¶ 36, citing *State v. Nicholas*, 66 Ohio St.3d 431, 437, 613 N.E.2d 225 (1993). Appellant's second assignment of error is not well-taken.

{¶ 22} Appellant's fourth assignment of error argues that trial counsel was ineffective by failing to request a mistrial after the trial judge's admission that he looked up the copper penny recycling program that appellant used as a fundraiser for the PHCA. Appellant admitted that he learned of the alleged conversation during the week of his trial. Thus, the issue could have been raised on direct appeal and is barred by res judicata. Appellant's fourth assignment of error is not well-taken.

*B. Right to confront accusers*

{¶ 23} Appellant's third assignment of error contends that the state failed to present testimony from any of the individuals who provided funds and earned commissions benefitting the PHCA in the sale of ViSalus and from which he was alleged to have stolen. First, the issue could have been raised on direct appeal and, thus, is barred by res judicata. Regardless, the state's theory at trial, and evidenced in appellant's own testimony, was that the PHCA was the intended beneficiary of the ViSalus commissions. Thus, the PHCA was the victim of appellant's illegal activities. As to the supporting affidavits, we agree with the trial court's assessment that they do not advance appellant's claims as the individuals who invested in the ViSalus fundraiser did not consider themselves victims. Appellant's third assignment of error is not well-taken.

11.

*C. Prosecutorial misconduct*

**{¶ 24}** Appellant's fifth and final assignment of error similarly alleges that the state "selectively and vindictively" prosecuted his case by ignoring exculpatory evidence and failing to present victim testimony. We have previously considered and rejected appellant's victim confrontation argument. Appellant also claims that the state failed to provide all the information in the relevant bank accounts even omitting full bank statements. Such claims could have been raised on direct appeal and are barred by res judicata.

## IV. Conclusion

**{¶ 25}** On consideration whereof, we find that the trial court did not abuse its discretion in denying appellant's petition to vacate or set aside judgment of conviction, and the judgment of the Wood County Court of Common Pleas is affirmed. All pending motions in this appeal are denied as moot. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.